ROBERTSON v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant*.

84 119
35a 93
84 119
45a 126
45a 542
84 119
84a 418
84 119
98a 4673
84 119
102a 2731

1. **Railroad:** KILLING STOCK: EVIDENCE. In a common law action against a railroad for negligently running over and killing a cow, it is competent for the plaintiff to prove that the train was running in excess of the speed permitted by an ordinance of the town in which the killing occurred.

2. **Negligence:** ORDINANCE: EVIDENCE. The cause of action not being founded on the ordinance it is not necessary to plead it, but if the defendant was running its train in violation of it, such fact is competent to support the charge of negligence.

3. **Evidence.** While it may be error for a witness with no more knowledge than the jurymen to give his opinion as to the possibility of stopping a railroad train, yet it will be no ground for reversal, unless it appears that the opposing party was prejudiced by such testimony.

4. **Town:** SPEED OF TRAINS. A town having the power to pass "by-laws and ordinances for the regulation and police of such town," has authority to regulate the speed of railroad trains so as to protect life and property.

*Appeal from Daviess Circuit Court.*—HON. JOHN. C. HOWELL, Judge.

AFFIRMED.

*W. H. Blodgett* and *Geo. S. Grover* for appellant.

*W. D. Hamilton* for respondent.

(1) Where a city ordinance requires railroad trains while running through the city limits to observe certain rates of speed, a failure to comply with such ordinance is negligence *per se. Karle v. K. C., St. Jo. & C. B. R. Co.*, 55 Mo. 476. (2) The running of a heavy freight train at the rate of fifteen or twenty miles an hour over public crossings in a town where people are continually passing, is negligence. *McPheeters v. H. & St. Jo. R. R. Co.*, 45

Mo. 22; *Karle v. K. C., St. Jo. & C. B. R. R. Co.*, 55 Mo. 476. (3) This is an action at common law for negligently a id carelessly killing plaintiff's cow, and it may be shown that defendant failed to ring the bell or sound the whistle, and failed to comply with said ordinance, or any other negligent act may be shown, or it may be shown to be the result of several negligent acts combined. *Edwards v. C., R. I. & P. Ry. Co.*, 76 Mo. 399; *Mapes v. C., R. I. & P. Ry. Co.*, 76 Mo. 367; *Goodwin v. C., R. I. & P. Ry. Co.*, 75 Mo. 73; *Lynn v. C., R. I. & P. Ry. Co.*, 75 Mo. 167. (4) If by the exercise of due care and caution the agents in charge of said train could have seen said cow in time to stop the train and avoid the injury, and did not do so, it is negligence, and the company is liable. *Owens v. H. &. St. Jo. R. R. Co.*, 58 Mo. 386; *Isabel v. H. & St. Jo. R. R. Co.*, 60 Mo. 475; *Pryor v. St. L., K. C. & N. Ry. Co.*, 69 Mo. 215; *Harlan v. St. L., K. C. & N. Ry. Co.*, 65 Mo. 22. (5) All the law applicable to the case was given in plaintiff's first and second instructions, and fairly presented the case. *Wilson v. K. C., St. Jo. & C. B. Ry. Co.*, 60 Mo. 184; *Miller v. Tillman*, 61 Mo. 316.

MARTIN, C.—This is a common law action for negligently and carelessly running over and killing a cow belonging to plaintiff, valued at forty dollars. On appeal to the circuit court judgment was recovered by plaintiff as below, from which the defendant brings the case here by appeal. It appears from the evidence that on or about the first day of June, 1881, a freight train of the defendant, with some fifteen or twenty cars, with a caboose at the rear end, was in the evening, before dark, going eastward on the defendant's track, within the corporate limits of the town of Jamison; that the grade descends somewhat on the road leading through the town; that the plaintiff's cow was on the track of the railroad at a road crossing about two hundred yards or more east of the depot, with her head turned eastward from the train; that, on approaching a road crossing, about two

hundred and fifty or three hundred yards west of the depot, the whistle was sounded at the whistling post eighty rods west of the depot, and the bell rung at said last mentioned crossing ; that no signal by bell or whistle was given as the train approached and passed the east crossing, at which the cow was killed, and no effort made to stop it; that the train was moving at the rate of fifteen or twenty miles an hour, the usual rate of speed for freight trains ; that by an ordinance of the town of Jamison trains are prohibited from being run within the limits of the town at a greater rate of speed than six miles an hour.

I. It is urged as error that the court, against the objection of defendant, permitted the plaintiff to prove the existence of the ordinance without any allegation relating to it in his statement. I see no error in this. The plaintiff's cause of action was not founded on the ordinance. The ordinance furnished no cause of action, and for these reasons it was unnecessary to plead it. The existence of the ordinance was only a fact bearing upon the conduct of the managers of the train, and whether the defendant was guilty of negligence at the time and place, resulting in loss to the plaintiff, depends upon all the facts legally bearing upon their action. If defendant was running its train in violation of law at the time, such fact is competent evidence in support of the charge of negligence. *Goodwin v. Chicago, Rock Island & Pacific R. R.*, 75 Mo. 73; *Lynn v. R. R.*, 75 Mo. 167.

II. A witness testified that the cow could have been seen from the depot and, perhaps, from the upper crossing west of the depot, which he says was some four or five hundred yards west of the point at which the cow was killed. Against the objection of defendant, the witness was permitted to say that "if the train had been running at six miles an hour, it could have been stopped after passing the depot, and before striking the cow, but

it could not have been stopped at the rate of speed it was running.'' It is argued that this expression of opinion, coming from a witness who was not qualified to testify as an expert, ought not to have been admitted. The stopping of the trains within the distance mentioned, is a fact of common observation, and I cannot assume upon the evidence in the case that it is within the exclusive knowledge and information of experts. The facts relating to the possibility of stopping the train in time to avoid the accident were before the jury. The fact that a witness, with no more knowledge than the jurymen, has given his opinion in the matter may be an error. But in order to be ground of reversal the error must appear to have prejudiced the defence. There is nothing to indicate that the opinion of the witness was erroneous, and I do not perceive how the defendant can be prejudiced, except upon the assumption that the opinion was contrary to the knowledge and observation of men. No one expressed or intimated anything to the contrary, and the defendant offered no evidence to prove that it was erroneous. I do not think a different conclusion would have been reached in absence of the objected opinion. The statement of the same witness to the effect that the cow could have been seen from the defendant's train, half way between the depot and the west crossing was not an opinion, but a fact of eyesight.

III. It is contended that the ordinance is void as not being within the power of the town to pass the same. The town was incorporated in 1876. Assuming it to be a town which could become a city of the fourth class by election to that end, the defendant insists that the power to regulate the speed of trains is given to cities of the second and third class by express grant, and that it is, therefore, denied to towns and cities of the fourth class, because it is not expressly granted to them. But towns of this class were in 1876 authorized '' to pass such other by-laws and ordinances for the regulation and police of such town and commons thereto appertaining, as they

shall deem necessary, not repugnant to and contrary to the laws of the land." 2 Wagner Stat. 1315, sec. 7. A similar provision is to be found in relation to towns of the fourth class in the Revised Statutes of 1879. R. S., 1879, sec. 4940. Under these provisions the town had ample authority to regulate the speed of trains so as to protect life and property. The argument that the power was impliedly withheld because not expressedly given to towns of the fourth class, applies equally to cities of the first class, to whom no express grant on the subject is given.

IV. The argument that the ordinance is void as being unreasonable, is without force.

There being no error to justify a reversal, the judgment is affirmed. All concur.