THOMAS C. BOGGS, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1885.

1. NEGLIGENCE—REQUIREMENT OF STATUTES TO FENCE ALONG SIDES OF RAILROAD—EFFECT OF OMISSION.—Where, as in this state, the statute imposes upon railroads the duty of erecting and maintaining fences along the sides of its right of way, where it passes through

cultivated lands, and it omits to comply with this statutory require-
ment, this constitutes negligence and the railroad is liable for any
damages resulting therefrom in a common law action for negli-
gence.

2. ———— CONSEQUENCES OF NEGLIGENCE.—"As a legal proposition
we may consider it established that the fact that the plaintiff's in-
jury is preceded by several independent conditions, each one of
which is an essential antecedent of the injury, does not relieve the
person, by whose negligence one of these antecedents has been pro-
duced, from liability for such injury." Following *Nagel v. Mo. Pac.
Ry. Co.*, 75 Mo. 661, which adopts Wharton on Negligence, sec-
tion 85.

APPEAL from Cooper Circuit Court, HON. JOHN P.
STROTHER, J.

*Affirmed.*

The facts are sufficiently stated in the opinion of the
court.

ADAMS & BOWLES, for the appellant.

I.   The plaintiff bases his right to recover upon sev-
eral acts of negligence, as leaving down the wire fence,
the negligent construction of the fence, and the unusual
whistling of the locomotive.   But none of these acts was
the proximate cause of the injury so far as appears from
the evidence, and there was no proof that the fence was
negligently constructed, or that there was any whistling
at all.

II.   The damages must be shown to be the result of
the negligence charged in the petition; that is, the negli-
gence must first be shown, and this fact must be
supplemented by testimony tending to show that the
negligence occasioned the damage. *Holman v. R. R.
Co.*, 62 Mo. 562; *Stoneman v. R. R. Co.*, 58 Mo. 503;
*Braxton v. R. R. Co.*, 77 Mo. 455; *Moshier v. R. R. Co.*,
8 Barbour (N. Y.) 427; *R. R. Co. v. Hacket*, 10 Ind. 409.

III.   The question of negligence is a mixed question
of law and fact, and it was the duty of the court to have
instructed the jury whether the facts which the testi-
mony tends to prove will, if found true, constitute such

negligence as will enable the plaintiff to recover. *Trow v. R. R. Co.*, 24 Vermont 487; *Filer v. R. R. Co.*, 49 N. Y. 47; *Johnson v. R. R. Co.*, 11 *Minn.* 296; *Goodwin v. R. R. Co.*, 75 Mo. 73; *Farwell v. R. R. Co.*, 75 Mo. 575.

IV. It was the duty of the court to have instructed the jury, and the judge in submitting the whole issue to the jury without instruction, committed error. Graham on New Trials 288; 2 Wendell 596.

V. This matter was brought to the attention of the trial court in the motion for a new trial, and in overruling the same the court committed error. So the defendant's instruction in the nature of a demurrer to the evidence should have been given, and in refusing the same the court erred.

DRAFFEN & WILLIAMS, for the respondent.

I. This is an action for damages for an injury caused by defendant's negligence. The statute imposed the duty upon it of erecting and maintaining fences along the sides of its railroad where it passed through plaintiff's pasture. The omission to comply with this statutory requirement was negligence, and defendant is liable for any damages resulting therefrom. While an action could not be maintained for the penalty, given by the old *forty-third* section of the corporation law (section 809, Revised Statutes, Mo. 1879), unless the animal was injured by contact with defendant's cars, yet in a common law action for negligence, it is liable for any damage resulting from its failure to perform its statutory duty. *Goodwin v. R. R.*, 75 Mo. 73; *Isabell v. R. R. Co.*, 60 Mo. 425; *Schmidt v. R. R.* 23 Wis. 186; 1 Thompson on Neg. p. 558, sect. 2. 2 *Ibid* 1232, sect. 5; *Karle v. R. R.*, 55 Mo. 476. Pierce on Railroads, 348. Wood on Nuisances, p. 141, sect. 138.

II. The damages sustained were the direct result of defendant's negligence, in failing to maintain fences as required by law. 1 Sutherland on Damages, p. 25; 5 Field on Damages, page 53, sect. 54, and notes; 2

Thompson on Neg., p. 1096, sect. 10. *Nagel v. Mo. Pac. Ry. Co.*, 75 Mo. 653.

III. The defendant not only failed to maintain a proper fence, but the wires in the condition they were left for several months, and up to the time of the injury sued for, constituted a snare and trap for plaintiff's stock, for which it is also liable. *Crowhurst v. Amershaln Burial Board*, 7 C. L. Journal 465; *Flori v. St. Louis*, 69 Mo. 341; *Lynde v. Clark*, 14 Mo. App. 74; *Nagel v. R. R.*, 75 Mo. 653.

IV. In this state, *in civil cases*, the trial court is not required to give instructions unless asked to do so by the parties. Sect. 3655, Revised Statutes, Mo. 1879. *Aliter* in criminal cases, sect. 1908, Rev. Stat. Mo. 1879.

Opinion by ELLISON, J.

The defendant fenced its track through plaintiff's pasture with barbed wire and posts sixteen feet apart. Several months before the injury to plaintiff's mule, defendant, in repairing a culvert, left a gap in the fence, so that stock might stray from the pasture through the gap into defendant's right of way. When stock were once on the right of way between the wire fences, there were no means of getting out except through the gap at which it entered; and that, on a train approaching from the south, there would be no escape for frightened stock except to run back, meeting the train, or by jumping over or through the fence, unless we would suppose the animals would stand still beside the track. Plaintiff's was the only evidence offered. The only instructions offered by either party was a demurrer to the evidence asked by defendant and refused by the court. There was a verdict for plaintiff for one hundred and eighty dollars, and defendant appeals. Plaintiff's evidence tended to show that he heard a train from the south, and saw his mares and colts, with which his mule was running, coming towards the house, but did not see his mule. On going immediately down to the track he found the mule had entered the right of way through this gap. He

found where it got out of the enclosure by jumping the wire fence.  He found hair and blood on the wires, and found blood running from the mule.  From the fact of this injury happening without contact with the animal by the train, the action is not under and could not be maintained under section 809, Revised Statutes 1879, but defendant may nevertheless be liable in a common law action for negligence in failing to comply with a statutory duty.  *Goodwin v. Ry. Co.*, 75 Mo. 73. .

By leaving the gap from December till June, defendant failed to maintain the fence as required by law. The animal in question got into the inclosure by reason of the gap, and there being no means of escape except through or over a barbed wire fence, four or four and one-half feet high, we think the injury must naturally be expected to follow.  The accident happening in this case is just such an one as might have been expected, and should have been foreseen and provided against.  Leaving the fence down was the original negligence in the case, and "not having been provided against, the original negligence continued and remained a culpable and direct cause of the injury, and the test is to be found in the probable injurious consequences, which were to be anticipated, not in the number of subsequent events and agencies which might arise.  As a legal proposition, we may consider it established that the fact that the plaintiff's injury is preceded by several independent conditions, each one of which is an essential antecedent of the injury, does not relieve the person by whose negligence one of these antecedents has been produced from liability for such injury."  *Nagel v. Railroad*, 75 Mo. 653.

We think the judgment should be affirmed, and it is so ordered.