DARWIN J. NUTTER, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 24, 1886.

1. PLEADING—PUBLIC ACT NEED NOT BE—ORDINANCES—CASE AD-JUDGED.—Where a city is incorporated by an act declared to be a public act, as in this case, it is not necessary to plead it; the courts of this state will take judicial notice of its provisions. So when negligence is charged, as, for instance, a reckless rate of speed of a railroad train through a city, the ordinance of the city may be introduced in evidence, although it was not pleaded, as bearing on the question of recklessness in the rate of speed.

2. NEGLIGENCE—WHAT CONSTITUTES RATE OF SPEED EXCEPT WHEN PROHIBITED—CASE ADJUDGED.—No rate of speed is negligence *per se*, except as prohibited by municipal regulation. If suit is based *on the violation of the ordinance* it must be pleaded. Unless this is done it is error to instruct the jury to find for the plaintiff, if the speed of the train exceeded that named in the ordinance; without further submitting whether the rate of speed was, under the circumstances in proof, reckless. The ordinance, because not pleaded, did not make a rate of speed exceeding five miles per hour reckless *per se*.

APPEAL from Clay Circuit Court, HON. GEO. W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action to recover the value of a cow killed by one of defendant's trains, in the city of Liberty, in this state. The ground of recovery was stated in the petition as follows:

"Plaintiff states that the cause of said killing was because the said servants and agents were running said cars, locomotive and tender at a reckless and unlawful rate of speed, in violation of the law and the ordinance

of said city of Liberty, which said city of Liberty is a city duly incorporated under the laws of the state of Missouri ; that said killing of said cow was caused by the wrongful acts of defendant."

Among other evidence offered by the plaintiff was the following ordinance of the city of Liberty :

" Section 41. Any person or persons operating a railroad in the city of Liberty, or any agent of such persons, or railroad conductor, or engineer, who shall run a locomotive, or cars, or train of cars, within the corporate limits of the city of Liberty, at a greater speed than five miles an hour, shall be guilty of a misdemeanor."

The defendant, by its attorney, admitted the adoption of the ordinance by the city authorities, but objected to the introduction of the same in evidence ; because the city authorities of Liberty had no authority to pass the ordinance, and because the ordinance, if authorized, was not pleaded or set up in plaintiff's petition.

The court overruled the defendant's objections and permitted the plaintiff to read the ordinance in evidence.

The court gave for the plaintiff the following instruction :

" If the jury believe from the evidence that the cow of the plaintiff was struck and killed at the time alleged in the petition, by an engine and cars operated by the agents and servants of the defendant, over the track of the Hannibal and St. Joseph Railroad Company, at a point on said track within the corporate limits of the city of Liberty, and further believe that the said engine and cars were running at a greater rate of speed than five miles per hour, and that said cow was struck and killed in consequence of the running of said cars at a greater rate of speed than five miles per hour, then the jury will find for plaintiff, and assess his damages at the value of said cow as shown by the evidence."

The court, of its own motion, gave the following instruction to the jury :

"Unless the jury find from the evidence that the

cow in controversy was killed in consequence of the high rate of speed in running defendant's train they will find for the defendant, notwithstanding the train was running at a higher rate of speed than five miles an hour."

M. A. Low, for the appellant.

I. The averment in the petition that the city of Liberty "is a city duly incorporated under the laws of the state of Missouri" is insufficient to enable the court to take judicial notice of its powers. Courts cannot take judicial notice of charters incorporating towns, as they do of public statutes. *Inhabitants of Butler v. Robinson*, 75 Mo. 192 ; Rev. Stat., sect. 3549. If the city was incorporated under the general law that fact should have been averred and proven to enable the court to take judicial knowledge of its powers. *City of Hopkins v. Railroad*, 79 Mo. 98. The act should have been pleaded by its title. *Wisdom v. Wabash, St. L. & Pac. Ry. Co.*, 20 Mo. App. 324.

II. The ordinance itself was not sufficiently pleaded to enable plaintiff to introduce it in evidence. Courts do not take judicial notice of the ordinances of a municipal corporation, unless directed by charter or statute so to do. And when such ordinances are sought to be enforced by action, they should be set out in the pleadings, at least, in substance. *Mooney v. Kennett*, 19 Mo. 551 ; Dill. Mun. Corp. (2 Ed.) sect. 346.

III. The ordinances of a city are only valid so far as they are reasonable. The naked averment that a train was being run faster than the law or an ordinance justified, raises no question of fact and presents no issue for the jury.

IV. There was no evidence tending to show that the cow was killed "in consequence of the running said cars at a greater rate of speed than five miles per hour." *Kelly v. Railroad*, 75 Mo. 138; *Powell v. Railroad*, 76 Mo. 80.

V. The instruction asked by defendant, requiring

the jury to return a verdict for defendant, should have been given. The speed of the train was not reckless and there was no *attempt to prove it so.*

. VI. The motion for new trial should have been. granted.

SAM'L HARDWICKE, for the respondent.

I. The city of Liberty was incorporated, by an act of the General Assembly, March 28, 1861 (Laws 1860, p. 209), and was declared to be a *public act.* In such case the courts will take judicial notice of it. *Bowie v. Kansas City,* 51 Mo. 454.

II. Neither was it necessary to plead or prove the ordinances of the city. See div. 38, of sect. 1, Art. 3, of said act. It is sufficient if the ordinance is shown in evidence, and is preserved in the bill of exceptions. *Cox v. St. Louis,* 11 Mo. 431.

III. It is negligence to permit a train to run at a reckless rate of speed, and under this general allegation it may be shown that an animal was killed in the corporate limits of a city ; that the city had an ordinance regulating the rate of speed, and that the injury occurred in consequence thereof. *Riley v. Railroad,* 18 Mo. App.; *Robertson v. Railroad,* 84 Mo. 119.

IV. The evidence showed a reckless rate of speed. The instruction of the court was authorized by the evidence. Even without an ordinance a rate of speed proper *in the country* would be very improper and *reckless* in a thickly inhabited town.

V. The instruction asked by defendant was properly refused. ` The testimony *on the whole* sustained the verdict. The motion for new trial was properly overruled. The instructions submitted a plain issue of fact, which was found by the jury for the plaintiff, as the evidence authorized.

HALL, J.—The city of Liberty was incorporated by an act of the General Assembly of this state, approved March 28, 1861 (Laws of 1860–1861, p. 209, *et seq.*) By

section nine, article seven, of said act, it is provided as follows :

"This act is hereby declared to be a public act, and may be read in evidence in all courts of law or equity in this state, without further proof."

By virtue of said section the act is a public law ; it is not necessary to plead it ; the courts of this state will take judicial notice of its provisions. *Bowie v. Kansas City*, 51 Mo. 454.

Under the averment of the petition that the defendant's train was run at a reckless rate of speed in the city of Liberty it was proper for the court to permit the plaintiff to introduce the ordinance in evidence, although it was not pleaded, as bearing on the question of recklessness in the rate of speed. The ordinance was admissible as evidence upon the question as to whether or not the rate of speed at which the train was being run was reckless. *Robertson v. Ry. Co.*, 84 Mo. 119 ; *Riley v. Ry. Co.*, 18 Mo. App. 387. The court, therefore, properly overruled the objection made by the defendant to the introduction of the ordinance in evidence. A rate of speed exceeding five miles an hour was not reckless *per se*, or unlawful, except as it was made so by the ordinance read in evidence. In order for the plaintiff to enforce that ordinance by this action, that is, in order for the plaintiff to recover in this action, not because the speed of the train was in fact reckless, but because it was in violation of the ordinance, it was necessary for the plaintiff to plead the ordinance. Dillon on Municipal Corporations, sect. 346 ; *Momey v. Kennett*, 19 Mo. 551–555. This was not done. It was, therefore, error for the court to instruct the jury to find for the plaintiff if they believe from the evidence that the speed of the train exceeded five miles per hour, and that in consequence thereof the cow was killed, without further submitting to the jury the question as to whether the rate of speed, at which the train was being run, was, under the circumstances in proof, reckless. The ordi-

nance, although not pleaded, was evidence bearing on the question of recklessness. But the ordinance, because it was not pleaded, did not make a rate of speed, exceeding five miles per hour, *per se*, reckless or unlawful in this case.

Judgment reversed and cause remanded. All concur.