WILLIAM S. LOWRY, Respondent, v. THE ST. LOUIS AND HANNIBAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 15, 1890.

1. **Railroads:** VIOLATION OF MUNICIPAL ORDINANCE: PROXIMATE CAUSE OF INJURY. The violation of a municipal ordinance regulating the rate of speed of railroad trains, while negligence *per se*, affords no ground for an action for damages, unless it is the proximate cause of the injury complained of.

2. **Negligence:** INJURY TO STOCK WITHOUT COLLISION. In an action for injury to stock by a railroad there may be a recovery without any actual collision, if the action be one at common law, though it is otherwise, when the action is one for double damages under the statute. But there is a wide difference between the case of an actual collision and one where there is none, in respect to ,the inquiry, whether negligence in running the railroad train at an excessive rate of speed in violation of a municipal ordinance was the proximate cause of the injury.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

·*Theo. G. Casey* and *Jas. H. Orr*, for the appellant.

The burden of proof was upon the plaintiff to establish by evidence the negligence charged, and that the alleged negligence caused the injury complained of. *Randall v. Railroad*, 65 Mo. 325 ; *Fitz v. Railroad*, 45 Mo. 322 ; *Stepp v. Railroad*, 85 Mo. 231 ; *Wallace v. Railroad*, 74 Mo. 594. The evidence indisputably shows that the train came to a complete standstill seventy-five yards away from the mules, and that the mules thereafter ran into the trestle and were crippled or killed. There was no evidence whatever tending to show that the mules were more frightened by the train going at the rate of twelve miles an hour than that they were frightened by it standing still, or that they were frightened at all by the train when it was going at the rate of twelve miles an hour. And there is no evidence connecting the injury complained of in the slightest manner with the negligence charged. We further insist that the law of Missouri of 1885, page 92, was a natural consequence of the decisions of this court, and of the supreme court, that a railroad company was not liable for damages for injuries to an animal which, having got upon a railroad track, ran from fright into a trestle or bridge and was injured without being struck by train, unless the fright was caused by the wilful negligence of the defendant. The plaintiff in this case, having before the circuit court abandoned that count of his statement based upon the law of 1885, is not entitled to a verdict upon the evidence from any view of this case, as there is absolutely no evidence of any wilful or malicious act upon the part of the employes of the company in charge of the train. Laws of 1885, p. 92 ; *Foster v. Railroad*, 90 Mo. 116 ; *Sloop v. Railroad*, 22 Mo. App. 592 ; *Swearingen v. Railroad*, 64 Mo. 73 ; *Railroad v. Haskett*, 10 Ind. 409 ; 1 Rorer on Railroads, sec. 12, p. 704.

*I. C. Dempsey* and *J. D. Hostetter*, for the respondent.

It is true that the authorities cited hold that no recovery can be had under double-damage act, section 809, Revised Statutes, 1879, without proof of actual collision or contact between the train and the animals injured. But it has been distinctly held that a defendant railway company is liable in a common-law action for negligence or for failure to comply with a statutory duty; even though the injury happened without contact with the animals by the train. *Boggs v. Railroad*, 18 Mo. App. 274, 278.

THOMPSON, J., delivered the opinion of the court.

This was an action for damages for killing two mules belonging to the plaintiff. The action was commenced before a justice of the peace on a statement containing two counts. In the circuit court an amended statement was filed likewise containing two counts. By the instructions of the court the case was submitted to the jury on the second count only. This count predicated a right of recovery upon the facts that the mules got upon the defendant's track within the limits of the incorporated town of Bowling Green ; that the defendant's train was running at a rate of speed prohibited by an ordinance of the town ; and that the mules were frightened by the negligent and unnecessary use of the steam whistle of the defendant,—by reason of which they ran into a bridge, and were so injured that it became necessary to kill them. The court submitted the case to the jury on two instructions, one of which told them that the defendant was liable, if the mules were frightened into the bridge by reason of the negligent and unnecessary sound of the steam whistle ; while the other told them that the defendant was liable, if the mules were frightened into the bridge by reason

of the defendant's train being run at a greater rate of speed than five miles an hour, the limit prescribed by the city ordinance.

We have examined the record with care. We lay all other questions out of view, and place our decision on the ground that there was no evidence of negligence to go to the jury, such as they were entitled to consider as the proximate cause of the accident. The evidence shows that the mules were young mules,—yearlings; that they had escaped from the plaintiff's close, two miles and a half from the place where the injury took place; that it took place in the night time, within the corporate limits of the town of Bowling Green, and near the depot grounds of the defendant, at the place where the defendant's road crosses the Chicago & Alton railroad. There was a herd of mules,—how many is not stated. Some of them ran upon the track at or near a street crossing, while the train was approaching at the rate of from ten to fifteen miles an hour, in the opinion of the witnesses, who are not shown to be experts, or to be qualified to express an opinion on the subject. The mules ran along the track from the train in a "bunch." The headlight of the train shone upon them. The engineer commenced whistling,—"a kind of curious noise." Some steam was also blown off, but not much. The train gained on the mules, but stopped within seventy-five yards, or, as one of the witnesses stated, six or seven lengths, meaning lengths of the train, from the bridge. The mules that were injured were not struck by the train, but were injured in consequence of running into the trestle work of the bridge. There is no evidence that the employes of the defendant in charge of the train did not do all that they could to stop the train and to frighten the mules from the track. One witness gave it as his opinion that "what frightened the mules most was the tooting." But, although this evidence was not

objected to, it was a conclusion which it was for the jury, and not for the witness, to draw, and it cannot be regarded as having any probative force.

We are then left to consider whether the fact, that the train was running at a rate of speed prohibited by the city ordinances, could be regarded as the proximate cause of the accident. The mules evidently saw the headlight and heard the noise, and ran, as they naturally would, in the opposite direction. There is not a particle of evidence tending to show that they would not have been equally frightened, if the train had been running at a rate of speed of not more than five miles an hour. It has been often held that the violation of a valid municipal ordinance, regulating the speed of railway trains, is negligence *per se;* but it, nevertheless, affords no ground of action for damages, unless it is the proximate cause of the injury complained of. Collateral violations of ordinances are to be redressed, if at all, in an action by the municipality whose laws are offended.

This case is quite distinguishable in its facts from similar cases, where the animals are struck by the train. We deem it proper to say, in this connection, that we do not concur in the view taken by the learned counsel for the appellant, that there can be no recovery in a common-law action grounded upon negligence, unless there is an actual collision between the train and the animals on the track. That there can be no recovery where there is no such actual collision is the settled construction of our statute giving double damages. R. S. 1879, sec. 809. And while there is an inadvertent expression in one case, which was a common-law action for negligence, which seems to have conceded the same principle in respect of such actions (*Halferty v. Railroad*, 82 Mo. 90, 97), yet it is obvious, on a little reflection, that there is no principle of the common law, in conformity with which this can be held; and Judge

ELLISON was no doubt right in so saying in the case of *Boggs v. Railroad*, 18 Mo. App. 274, 278. Counsel are no doubt right in the view that this construction of the double-damage act induced the passage by the legislature of the act of 1885 ( Laws of 1885, page 91 ) under which the first count of the amended petition ( abandoned at the trial ) was drawn.

But in respect of what constitutes the proximate cause of the injury, there is a wide distinction between the case where the animals are actually struck by the train, and where it comes to a full stop within seventy-five yards of them. In the former case it might be fairly a question for the jury whether, if the train had been going at a less rate of speed, the animals would not have cleared the track without being struck. But there is no suggestion of human experience, upon which it can be said that a herd of young mules in a new and strange situation, frightened by the noise and headlight of an approaching train in the night time, would not be as apt to huddle together in a bunch and run along the track away from the train, if it were coming slowly, as they would if it were coming more rapidly.

The judgment will be reversed. Judge ROMBAUER concurs ; Judge BIGGS takes no part in this decision.