P. V. SHELL, Respondent, v. THE MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 29, 1908.**

1. **RAILROADS: Killing Stock: Statement: Statute: Common
Law.** A statement for killing stock by a railroad is held not to
be bottomed on section 1105, Revised Statutes 1899, since it
does not allege a collision, nor on section 1106, since the al-
leged fright was not caused by the passing locomotive or train,
but since the nature of the action is determined by the cause
stated and not by the prayer for relief, it is held the statement
states an action at common law.

2. ———: ———: ———: ———: ———: **Cattle-Guards.** Nor
does the allegation that the defendant failed to maintain proper
cattle-guards prevent the action being at common law, since
non-compliance with the statutory regulation may be sufficient
to sustain an action at common law.

3. ———: ———: ———: ———: ———: **Constitution.** Nor
does the decision of the Supreme Court (202 Mo. 339), that it
has no jurisdiction by reason of the alleged constitutionality
set up on the answer permit the statute from applying to the
action, since that decision merely stated that the constitu-
tional question, having not been raised below, deprived that
court of its jurisdiction.

4. ———: ———: ———: ———: ———: **Negligent Situation:
Instruction.** *Held,* further, that the conditions existing at the
place of the killing of the animal may well be found to be negli-
gent at common law and justified instructions set out in the
opinion.

Appeal from Barton Circuit Court.—*Hon. Henry C.
Timmonds,* Judge.

AFFIRMED.

*John A. Davis* and *R. T. Railey* for appellant.

(1) If the section men were guilty of no negligence
as held by the court below, then no common law right of
action could possibly arise under the facts in this case.
At common law the defendant was not required to fence

its track or put in any cattle guards. Barney v. Railway, 126 Mo. 388; Turner v. Thomas, 71 Mo. 596; Hughes v. Railroad, 66 Mo. 325; Hill v. Railway, 49 Mo. App. 535, 121 Mo. 481; O'Riley v. Diss, 41 Mo. App. 188; Dooley v. Railway, 36 Mo. App. 387. (2) It is now well settled in this State, that a party by his pleading must state the facts on which he seeks to rely, and if his pleading is ambiguous it is the duty of the court to construe it most strongly against him, and this too without any motion having been made requiring the petition to be made more specific and certain. Snyder v. Free, 114 Mo. 367; Overton v. Overton, 131 Mo. 566; Young v. Schofield, 132 Mo. 661; Boles v. Bennington, 136 Mo. 528; Leete v. Bank, 141 Mo. 581; Sidway v. M. L. & L. S. Co., 163 Mo. 372; Mallinckrodt C. Wks. v. Nemnich, 169 Mo. 397. (3) It is to meet just such emergencies as this, which has impelled the appellate courts to construe the plaintiff's petition strictly, when it is couched in ambiguous language. There is only one count in the petition, and it is too plain for argument that plaintiff could not attempt to recover in the same count under the common law and under the statute at the same time. Rhea v. Railway, 84 Mo. 345; Sullivan v. Railway, 72 Mo. 197; Luckie v. Railway, 67 Mo. 246; Edwards v. Railway, 66 Mo. 569; Cary v. Railway, 60 Mo. 209; Grant v. Railway, 56 Mo. App. 65; Waldhier v. Railway, 71 Mo. 518; Hite v. Railway, 130 Mo. 136; McManamee v. Railway, 135 Mo. 447; Huston v. Tyler, 140 Mo. 263; McCarty v. Hotel Co., 144 Mo. 402; Chitty v. Railway, 148 Mo. 74; Bartley v. Railway, 148 Mo. 139; Feary v. Railway, 162 Mo. 96; Pryor v. Railway, 85 Mo. App. 378. (4) If this action was intended to be brought under section 1105, Revised Statutes 1899, then the petition fails to state a cause of action, for the reason, that it does not charge that there was any collision between

defendant's car and plaintiff's animal. Lafferty v. Railway, 44 Mo. 291; Seibert v. Railway, 72 Mo. 565; Halferty v: Railway, 82 Mo. 90; Foster v. Railway, 90 Mo. 119; Yeager v. Railway, 61 Mo. App. 595. (5) And the rule is, that where there is a doubt, such a statute ought not to be construed to inflict a penalty, which the Legislature may not have intended. Rixke v. Tel. Co., 96 Mo. App. 410; State ex rel. v. Bland, 144 Mo. 534; Connell v. Telegraph Co., 108 Mo. 459; Rozelle v. Harmon, 103 Mo. 343; Manz v. Railway, 87 Mo. 281, and cases cited.

*Cole, Burnett & Moore* for respondent.

(1) Counsel experience considerable difficulty in determining what kind of an action this is. There is no need of mental anxiety on this subject. Even conceding, for argument, that the petition comes under neither of the sections mentioned, still it certainly states a good common law cause of action for negligence in failing to comply with the statutory duty of maintaining a good cattle-guard. Boggs v. Railway, 18 Mo. App. 274; Goodwin v. Railway, 75 Mo. 73; Bradford v. Railway, 64 Mo. App. 479; Hill v. Railway, 66 Mo. App. 190. (2) And this, too, notwithstanding the prayer for double damages; such prayer does not determine the character of the action. Geiser v. Railway, 61 Mo. App. 462. (3) Counsel seem to think that although the company was negligent in not providing a statutory cattle-guard, yet if the section men were not negligent in their manner of trying to drive the animal out of her dangerous position, no case is made. There is no law for such a contention. If defendant was guilty of negligence in failing to comply with a statutory requirement, then it was not exonerated by absence of negligence in trying to drive the animal out. Morrison v. Railway, 27 Mo. App. 418; Boggs v. Railway, 18 Mo. App. 278; Nagel v. Railway, 75 Mo. 661; Banks v. Rail-

way, 40 Mo. App. 464; Iba v. Railway, 45 Mo. 472; Sappington v. Railway, 95 Mo. App. 393; Riley v. Railway, 89 Mo. App. 378. (4) Counsel's exhaustive essay on "Pleadings" might be interesting to study at leisure, but it surely has no application to the case at bar. R. S. 1899, sec. 592; Braxton v. Railway, 77 Mo. 458.

ELLISON, J.—This is an action for damages arising from the death of plaintiff's mare and he obtained judgment in the circuit court for one hundred and twenty-five dollars. Defendant appealed to this court, but on account of it having set up in its answer that sections 1105 and 1106, Revised Statutes 1899, were unconstitutional, we transferred the case to the Supreme Court. The case was argued in that court, but it came to the conclusion that the constitutionality of those sections was not involved, since defendant had not presented such question to the trial court and the latter court had not made any ruling thereon (202 Mo. 339) and returned the case to this court for determination.

The facts necessary to state are these: Defendant's road at and near the place where the animal was killed was fenced on each side with a lawful fence of barbed wire. That where the road crossed a highway there was a cattle-guard so negligently and defectively constructed and so negligently maintained that animals could pass over it onto defendant's right of way so enclosed by the barbed wire fence. That further on there was a culvert over which the defendant's track was laid and where fences or "wings" connected with said parallel fences enclosing the right of way. The result of this condition being that an animal getting onto the right of way over the cattle-guard could not proceed further up the track or right of way between the fences than the culvert. Plaintiff's mare escaped from his enclosure and was at large. She came upon the highway and passed through the defective cattle-guard onto the right of way and while there defendant's section men

propelling a handcar came up from below the cattle-guard thus being behind the mare. They saw her and stopped the car, when two of them got off and endeavored to get ahead of her so as to drive her back through the cattle-guard off of the right of way. We are satisfied there was evidence tending to show that she was frightened, by the noise made by the handcar before it stopped, and ran into the barbed wire fence where she was so badly cut that she soon died.

The petition charges that the section men were operating the handcar and by reason of the appearance or noise ordinarily made by running the car and the exertions and noise intentionally made by the men for the purpose of scaring the mare so frightened her as to cause her, in her effort to escape, to throw herself upon the wire fence near the culvert whereby she was killed. "That her death was so occasioned by defendant's neglect to construct and maintain according to its duty in the premises, at the point where the pretended cattle-guard above mentioned was situated, cattle-guard sufficient to prevent horses, cattle and mules and all other animals from getting on the railroad, and by the act and conduct of defendant's servants as aforesaid." The petition then alleged the value of the mare to be $125 and proceeded to state that, "under the statute in such cases made and provided plaintiff is entitled to damages in a sum double the value of the mare, to-wit: two hundred and fifty dollars. That plaintiff after his said mare was killed, and on and before the ——— day of April, 1902, demanded of defendant payment of the value of said mare. That defendant has failed, neglected and refused to pay."

"Wherefore plaintiff asks judgment for the sum of two hundred and fifty dollars ($250), double the value of said mare killed, and that he recover of the said defendant interest thereon at the rate of six per cent per annum from the date of filing this petition, and

that an attorney's fee be fixed by the court and taxed as costs herein against the defendant, at such sum as may be a reasonable compensation for all legal services herein rendered for the plaintiff, and for the costs generally in this action by plaintiff expended."

The defendant did not offer any evidence. The trial court held that there was no negligence in operating the handcar, nor in the act of the men in endeavoring to drive the mare. That court likewise held that plaintiff was not entitled to double damages, nor to attorneys' fees, and gave the following instruction for plaintiff:

"If you shall believe from the evidence that the cattle-guard referred to in the testimony was not reasonably or ordinarily sufficient to prevent horses from passing over or through the same onto defendant's railroad and right of way, and that by reason thereof plaintiff's mare did pass over or through the same onto defendant's railroad and right of way, and that said railroad and right of way were then enclosed with wire fences so that said mare could not safely escape therefrom except by returning to and over said cattle-guard, and that, while said mare was so inclosed on said railroad and right of way, she became frightened at the appearance of, and the noise ordinarily made by, the defendant's handcar while the same was being operated and run by defendant's section hands on said railroad, and that while so frightened, and by reason thereof, said mare threw herself upon or against one of defendant's said wire fences and that she was thereby killed, then you should return a verdict in favor of the plaintiff. Unless you do so believe you should return a verdict in favor of the defendant."

Defendant has filed an exhaustive brief in support of the different points of objection made to the views of the trial court resulting in the judgment for plaintiff. The view of the law which we will here state will

embrace those points or by inference necessarily include them.

Of the sections of the statute claimed to be unconstitutional, section 1105, provides for the construction of "cattle-guards where fences are required, sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad; and until · . . . cattle-guards as aforesaid shall be made and maintained, such corporation shall be liable in double the amount of all damages," etc.     Section 1106 reads as follows: "Whenever any live stock shall go in upon any railroad or its right of way, in this State, and the said railroad is not at such place or places inclosed by a good fence on both sides of said railroad, such as is by law required, and such stock, by being frightened or run by any passing locomotive or train on said railroad, shall be injured or killed by or because of having run against the fence on either side, or into any culvert, bridge, slough or mire, or other object along the line of said road, the railroad company shall pay the owner of any such stock so injured or killed the damage sustained."

The fact that the petition alleges defendant's failure to maintain a proper cattle-guard which section 1105 requires, and asks for double damages which that section authorizes, and the fact that the petition makes claim for an attorney's fee provided for (sec. 1107) when the action is founded on section 1106, has caused defendant to inquire whether the action was intended to be founded upon one or the other of those sections. But it will be seen from the face of the petition that the case is not stated under either section.   Under section 1105, it would have been necessary that there be a collision with one of defendant's cars (Lafferty v. Railway, 44 Mo. 291; Foster v. Railway, 90 Mo. 119), and such state of case the petition shows did not exist. And under section 1106, it is necessary to show that the ani-

mal was frightened by "a passing locomotive or train." [Henson v. Railway, 110 Mo. App. 595.] That sort of case is also shown by the petition not to exist.

The fact that the petition asked for double damages and for an attorney's fee does not necessarily make the case a statutory action. It has been so decided. The nature of the action is judged by the cause stated and not the relief prayed. The court may render judgment as determined by the body of the petition. [State ex rel. v. Horton, 161 Mo. 664, 671.] It has been so held where the prayer was for double damages. [Comings v. Railway, 48 Mo. 512; Garner v. Railway, 34 Mo. 235; Iba v. Railway, 45 Mo. 469.]

We conclude, therefore, that the action is at common law. But in this connection defendant insists that if the action is at common law, it must depend on that character of dereliction which would be negligence at common law; and that as a cattle-guard was not required at common law defendant was not guilty of a wrongful act, at common law, in failing to provide or maintain a cattle-guard. But we think defendant does not correctly interpret the law in this respect. The law is that though the act is made a duty only by force of the statute, yet the failure to perform a statutory duty —a requirement made only by the statute, is evidence which will sustain an action at common law. [Goodwin v. Railway, 75 Mo. 73; Schneider v. Railway, 75 Mo. 295; Isabel v. Railway, 60 Mo. 475; Boggs v. Railway, 18 Mo. App. 274; Mapes v. Railway, 76 Mo. 367; Minter v. Railway, 82 Mo. 128; Braxton v. Railway, 77 Mo. 455.] And this is true as to a municipal ordinance. [Robertson v. Railway, 84 Mo. 119; Nutter v. Railway, 22 Mo. App. 328; Riley v. Railway, 18 Mo. App. 385.] It follows that proof of neglect to maintain a proper cattle-guard as required by the statute is evidence sufficient to sustain the present common law action.

It is a part of defendant's insistence that the statute ought not to figure in a consideration of the case as a common law action for the reason that it sets up that the sections were violative of the Constitution, but that the Supreme Court had ruled that the statutes had no place in the case (202 Mo. 339). The Supreme Court did not say that. That court ruled that the question whether the sections violated the Constitution was not in the case since it had not been presented to the trial court, nor was a ruling thereon made by that court. It is clear that the Supreme Court has not taken the application of the statute out of the case. It merely ruled that a *question* involving the Constitution had not been raised, so as to confer jurisdiction on that court.

But aside from the foregoing considerations the conditions which the evidence shows defendant permitted at the place in question may well be found to be negligence at common law and to justify the instruction for plaintiff which we have set out. We may leave the statute entirely out of view and yet find this situation: Defendant's fences enclosing its right of way made a lane closed at one end by the culvert and wing fences, and open at the other. So that a horse getting into such place through this opening would probably take fright at a handcar coming up, though there was no negligence in handling the car. The jury could well find it to be negligence to expose such place by having an entrance to it at one end, through which horses could stray. The place could well be likened to a trap, and it could well be said to be negligence, as alleged by plaintiff, to fail to construct and maintain such a cattle-guard at the open end as would be sufficient to prevent horses and cattle from entering.

An examination of the entire record discloses that we have no ground to interfere and hence affirm the judgment. All concur.