IRA McKEE et al., Respondents, v. HERMAN PE-
TERS et al., Appellants.

**Kansas City Court of Appeals, March 7, 1910.**

1. **NEGLIGENCE: Obstruction of Street.** A drill machine was put upon a sidewalk by a merchant in front of his place of business, contrary to an ordinance of the city, and while one of the owners was adjusting some part of it, it fell upon a child six years old standing nearby and injured him so that he died next day. *Held*: That the child's parents had a cause of action against the merchant.

2. ———: **Obstruction: Regulation.** Although a merchant has a right to reasonable use and occupancy of a sidewalk for the purpose of taking merchandise in and out of his place of business, yet the city has authority to regulate such use by ordinance.

3. ———: **Evidence: Ordinance: Pleading.** An ordinance may be admitted in evidence for the purpose of proving negligence, even though it is not pleaded. But if the action is founded upon the ordinance, it should be pleaded to be competent evidence.

4. ———: ———: **Ordinance: Corporation: Person.** An ordinance regulating the use of sidewalks by merchants which reads "Any person," etc., the word "person" will include a corporation.

5. ———: ———: **Damages: Right of Jury.** Where a child six years old is killed by negligence of another, and damage to the parents is fixed at the sum of only one hundred dollars, when the actual outlay caused by his death was between fifty and sixty dollars, is commented upon.

Appeal from Cole Circuit Court.—*Hon. Wm. H. Martin,*
Judge.

AFFIRMED.

*W. S. Pope* for appellant.

(1) The amount of the verdict does not indicate passion, prejudice or mistake of the jury, nor is the amount so inadequate as to shock a common sense of

justice. Stumbo v. Zinc Co., 100 Mo. App. 635; Leahy v. Davis, 121 Mo. 227; Parsons v. Railroad, 94 Mo. 296; Rains v. Railway, 71 Mo. 164; Porter v. Railway, 71 Mo. 66; Geismann v. Elec. Co., 173 Mo. 654; Naugel v. Railway, 75 Mo. 653; Sharpe v. Biscuit Co., 179 Mo. 553; Franke v. St. Louis, 110 Mo. 516; Vinegar Co. v. Guggemos, 98 Mo. 391; Bridge & Iron Co. v. Brewing Co., 129 Mo. 343; Jennings v. Railroad, 99 Mo. 394; Tetherow v. Railway, 98 Mo. 74; Christian v. Life Ins. Co., 143 Mo. 460; Walker v. Robertson, 107 Mo. App. 571; Aston v. St. Louis County, 105 Mo. App. 226; Cady v. Coates, 101 Mo. App. 147; Finnel v. Million, 99 Mo. App. 552.

*Silver & Dumm* and *F. E. Luckett* for respondents.

(1) The cause of action sued on and recovery therefor finds ample support in the following cases in this State: Straub v. St. Louis, 175 Mo. 413; Hirst v. Ringen Co., 169 Mo. 194; Donoho v. Iron Works, 75 Mo. 401; Porter v. Brewing Assn., 24 Mo. App. 1. (2) The ordinance was admissible in evidence. Christman v. Meierhoffer, 116 Mo. App. 55; Hirst v. Ringen Co., 169 Mo. 200; Robertson v. Railway, 84 Mo. 119. (3) The verdict was inadequate. Fischer v. St. Louis, 189 Mo. 568; McCarty v. Transit Co., 192 Mo. 396.

ELLISON, J.—Plaintiffs brought this action for damages suffered in consequence of the death of their infant son. They obtained a verdict in the circuit court, which on their motion the court set aside, and a new trial was granted.

It appears that plaintiffs' son was a child between six and seven years of age, residing with plaintiffs in Jefferson City, and that he was sent on an errand by his mother to defendants' place of business to purchase some coal oil. That in front of defendants' place of business, and on the sidewalk, was a heavy machine known as a wheat drill, owned by defendants and placed

there by them. That defendant Peters was at work on said machine in adjusting some part of it when it fell upon the child, who was standing nearby, and so injured him that he died the next day. The plaintiffs then instituted this action asking ten thousand dollars damages. That in their petition they pleaded an ordinance ordained by the city council of Jefferson City, prohibiting the obstruction of sidewalks except by merchants temporarily in sending away or receiving merchandise, etc. The court refused to receive the ordinance in evidence. Several instructions were given for defendants over the objection of plaintiffs.

That an action may be maintained by parents for the death of their child caused by an obstruction to the street of the nature here charged, there can be no doubt. [Straub v. City of St. Louis, 175 Mo. 413.] Neither is there any question but that defendants had a right, as merchants, to a reasonable use of the street or sidewalk, in getting merchandise into or out of their place of business. [Gerdes v. Iron & Foundry Co., 124 Mo. 347.] But this use may be regulated by ordinance, as was done by the one offered in evidence by plaintiffs, and in our opinion it was error to exclude it. On the theory that the action is not based on the ordinance, it would have been proper to receive it in evidence as tending to prove negligence even though it had not been pleaded. [Robertson v. Railway, 84 Mo. 119; Bailey v. Kansas City, 189 Mo. 503, 514; Christman v. Meierhoffer, 116 Mo. App. 46; Shell v. Railway Co., 132 Mo. App. 528, 535; Lane v. Atlantic Works, 111 Mass. 136.] And if the action is to be considered as being based on the ordinance, it being pleaded, it should have been admitted.

But the objection made at the time and which the court sustained was that the ordinance is directed against "persons" and not corporations, and that as one of the principal defendants is a corporation, it was not admissible. It is probable that the trial court

afterwards concluded this was not a correct view and was thereby influenced to grant a new trial. We think there can be no doubt that an ordinance such as this, to regulate the use of streets and sidewalks by merchants whose business houses abut upon the sidewalk, includes corporations in the word "persons." The words in this ordinance are "Any person who shall place or cause to be placed in or upon any street, sidewalk," etc., and doubtless apply to and include a corporation.

We regard an error in one of defendants' instructions as a justification of the court's ordering a new trial. In instruction B, the court directed a verdict for defendants if the defendant Peters, who was working at the machine, was using due care in doing the work. It thus left out of consideration any negligence in having the machine there at the time.

The verdict was for only one hundred dollars, which is the principal grievance presented to us by plaintiffs. The evidence showed an actual expenditure in and concerning the death, of between fifty and sixty dollars, thus leaving a very small sum as the damage allowed to plaintiffs for being deprived of the child up to his becoming twenty-one years of age. While it is true that in such actions no damages are allowed as a *solatium*, yet it would seem that the jury finding defendants culpable, should have given more serious consideration to the question of the amount of damages. We have in mind the necessity for allowing juries in cases of this nature very great latitude in fixing upon the amount of damage, and as the question of the new trial is sustained on other grounds, it is not necessary to say anything further on that head, since, in every probability a second trial will either result in a verdict for defendants, or for plaintiffs in a sum something more substantial.

The order granting the new trial is affirmed. All concur.