MARY E. WHITE, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, January 29, 1917.

1. NEGLIGENCE: Public Streets: Footman: Duty. It is the duty of a footman walking down the middle of a street in a city to step to one side, that a vehicle he knows is approaching from front or rear to pass.

2. ———: Sleet & Ice: Vehicles: Demurrer to Evidence. The streets of a city were covered with sleet. A woman, with her husband, was walking down the middle of one of these streets where it had been roughened by the travel of horses and vehicles. A street railway repair wagon approached them from behind, and as it got near, the driver rang his bell when the husband stepped to one side on the left and she stepped a step or two to the right when she slipped and fell and hurt herself. There was no collision with the wagon. It was *held* that the trial court properly sustained a demurrer to the evidence.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Deatherage & Creason* for appellant.

*Clyde Taylor, Mont. T. Prewitt* and *Charles A. Stratton* for respondent.

ELLISON, P. J.—Plaintiff's action is for personal injury alleged to have been caused by the negligence of defendant's servants. At the close of the evidence in her behalf the trial court, at defendant's request, gave a peremptory instruction against her and she, in due time, appealed.

At the time of the accident plaintiff was sixty-one years old and was living with her husband in a thickly populated part of Kansas City. It was in the midst of the winter season and the streets and sidewalks had for several days been covered with a slick coating of sleet,

making the walking difficult. Shortly after noon plaintiff, in company with her husband, having business in another part of the city, came out of their house, walked to the middle of the street, where it had been roughened by the travel of horses and vehicles, and after looking both ways and not seeing any vehicles, proceeded to walk down the middle of the street. Presently, when they had gone about fifty feet, one of defendant's repair wagons or trucks came up behind them at a speed, as she expressed it, of about three or four times as fast as a man would walk. The driver sounding his gong or bell, her husband said, "look out," and he went to one side and she the other while the wagon passed on. Thus getting upon the slick ice or sleet, her feet went from under her and she fell and hurt herself. Her husband assisted her up and she returned home, where her husband and son, who met her at the door, helped her into the house.

In order to understand fully our disposition of the case, we call attention to what is alleged in the petition and what she testified that she did when defendant's servant sounded the bell on the wagon. We do this on account of the difference between that and the argument made by her counsel. The latter say that the bell was suddenly sounded and that she "*leaped*" to one side onto the icy part of the street. But it is alleged in the petition that in order to "avoid being struck by said repair vehicle plaintiff *stepped*" upon the icy portion of the street. At another place the allegation is that it was defendant's duy to have stopped the wagon and thereby have avoided compelling this plaintiff *to go upon* said slick and icy part of said street." While plaintiff stated on direct examination that she "leaped," she explained on cross-examination, that she meant by use of that word, "a step or two. I suppose a foot or two. I didn't take but one or two steps." The allegation in the petition is binding upon her, and her expression in testimony, when explained, sustained the allegation.

So, therefore, we have a case where a party walking down the middle of the street on being warned by an approaching vehicle, steps to one side to let it pass and falls on the ice. This getting out of the way was no more than her duty, for it is well understood that a footman, conceding he had a right to travel down the middle of a street, must, generally, give the way for vehicles at such places, and this was conceded at the argument.

She alleged and testified that she stepped out of the way upon the slick part of the street, and so far as that action alone was concerned, she did so safely, for she was not struck by the wagon. If the petition had alleged and she had testified, that the sudden approach of the wagon gave her no chance to choose her footing and step to one side, but compelled her to have no thought or care for her footing and to make a leap onto the ice, as counsel in argument endeavor to make it appear, it may be it would have presented a cause of action. But no such case as that was presented. Nor do the authorities (Phelps v. Railroad, 221 Mo. 442; Boggs v. Railroad, 18 Mo. App. 274, Jewel v. Powder Co., 143 Mo. App. 200 and Gulick v. Clark, 51 Mo. App. 33), cited by plaintiff have any application.

We may well suppose that the driver of defendant's vehicle thought when he sounded the bell that it would cause plaintiff to do just what she alleges and testifies (she did do, viz., get out of the way by stepping to one side, but there is nothing in that in the least way wrong, unless we are to say that on days when there is sleet on the streets, vehicle travel must suspend, or else stop as each pedestrian is overtaken and take him aboard.

Neither do we think that the driver should reasonably have supposed that the act of plaintiff in stepping to one side would cause her to fall and hurt herself.

The judgment should be affirmed. All concur.