MAPES v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroad**: ACTION FOR KILLING STOCK: COMMON LAW ACTION: EVIDENCE. A statement of claim against a railroad company for killing the plaintiff's cow, set out that the defendant " so carelessly and negligently, rapidly and heedlessly ran and managed its said locomotive engine and cars without ringing its bell or using its steam-cock, or giving any other alarm, that the same ran against and over " the cow. *Held*, that this was a statement of a cause of action at common law and not under the statute, and that evidence to show the speed of the train, and when and at what place the whistle was sounded, was admissible.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

*M. A. Low* for appellant.

No brief filed for respondent.

HENRY, J.—Plaintiff sued before a justice of the peace

to recover damages for the killing of his cow by defendant, and successively obtained judgment before the justice and in the circuit court to which the cause was appealed, and defendant has, from the latter judgment, appealed to this court.

The evidence proved that the cow was killed by a train of defendant's cars at a public crossing; and on plaintiff's part, that the whistle was sounded only when the train was within four or five rods of the crossing. Defendant objected to any testimony in relation to a failure to sound the whistle, because it was not alleged in plaintiff's statement, that the cow was killed in consequence thereof.

The statement is as follows: "That defendant by its agents and servants, not regarding its duty in that respect, so carelessly and negligently, rapidly and heedlessly ran and managed its said locomotive engine and cars, without ringing its bell or using its steam-cock, or giving any other alarm, that the same ran against and over" the cow in question. The right to recover is not based alone upon the speed of the train, and the general allegation of carelessness, negligence and heedlessness, in its management, but upon such speed, carelessness and heedlessness, in connection with the failure to sound the whistle or ring the bell. All combined constitute the cause of action stated in the complaint. It is a statement of a cause of action at common law, and the evidence objected to was admissible for the reason assigned in *Goodwin v. C., R. I. & P. R'y Co.*, 75 Mo. 73, where the injury was alleged to have been occasioned "by the carelessness and negligence of defendant's servants in managing and running the train." There the plaintiff's steer was killed by a train of defendant's cars at a public crossing, and the court held that evidence of a failure to ring the bell or sound the whistle, was admissible.

In holding that this is not an action based upon the 38th section of the corporation act, requiring railroad companies to ring the bell or sound the whistle on approach-

ing public crossings, we do not come in conflict with *Collins v. At. & Pac. R. R. Co.*, 65 Mo. 230. There, it is true, as here, there were allegations of general negligence, but there were other averments which clearly showed that it was an action based upon the 43rd section of the corporation act.

Evidence was also admissible to show the speed of the train, to prove one of the facts constituting the cause of action alleged—not that this of itself would entitle the plaintiff to recover.

For the same reason it was also admissible to show when, and at what place the whistle was first sounded.

Defendant's first instruction, which was in effect a demurrer to the evidence, was properly refused, and his second, while it asserted a correct legal proposition, in a case based upon the 38th section, was wholly inapplicable to this case. It asked the court to declare, that plaintiff could not recover, unless he showed that his cow was killed in consequence of the failure of defendant to ring the bell and blow the whistle of the locomotive. This narrowed the grounds upon which plaintiff was entitled to recover. In the instruction, the only one given by the court, asked by the plaintiff, the same error was committed, but defendant cannot complain of that, as it was prejudicial to the plaintiff and not to defendant. That the court had erred in plaintiff's instruction was no reason for repeating the error in one asked by defendant. Judgment affirmed. All concur.