WILLIAM R. WELCH, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1. PRACTICE—WEIGHT OF EVIDENCE—CASE ADJUDGED.—Where there was ample evidence, as in this case, to warrant the trial court in submitting the question of negligence to the jury, and there is nothing in the verdict or conduct of the jury to impeach the action of the jury, there is nothing to justify this court in disturbing their conclusion. They are the sole judges of the weight of evidence, and the credibility of the witnesses.

2. —— PLEADING OF ORDINANCE—WHEN IT IS COMPETENT AS EVIDENCE OF NEGLIGENCE.—Where the cause of action was at common

law, for the killing of stock, the action was not *founded* on an ordinance, and in such case it was not necessary to *plead* the ordinance, but if defendant was running its train in violation of it, it was competent to introduce the ordinance in evidence in support of the general charge of *negligence*.

3. ——— EVIDENCE—ACT FOR RESTRAINING ANIMALS ·FROM RUNNING AT LARGE (LAWS OF MO., 1883, p. 26)—SUSPENSION OF ACT UNTIL VOTE UPON IT.—Although the act for restraining animals from running at large (Laws of Mo., 1883, p. 26) was in force at the time of the accident in question in this case, by *the act itself* (sect. 7) the provisions of the law were *suspended* in the several counties in the state until a majority of the legal voters of any county should decide, at a general or special election, to enforce the same in such county. The law could only become operative by there being cast in its favor a majority of the legal votes, and some legally constituted body must first ascertain this fact; and the fact must be promulgated. *Held*, that, by the requirement of the act, that publication of the *result* should be made and *notice* given, the object of the legislature was to give force to the law, and bring the people *thereafter* under subjection to it.

APPEAL from Caldwell Circuit Court, HON. B. M. DILLEY, Special Judge.

*Affirmed.*

The case is stated in the opinion.

THOS. E. TURNEY, STRONG & MOSMAN, for the appellant.

I. The court erred in overruling defendant's *demurrer to the evidence.* The suit is for *negligence* in running the train in town and switch limits, and the plaintiff, to recover, must prove *actual* negligence, and that the negligence proved *occasioned* the injury. *Robertson v. Railroad*, 64 Mo. 412, and cases cited ; *Holman v. Railroad*, 62 Mo. 562. If the train was running at the rate of fifteen miles an hour, *this was not negligence* entitling plaintiff to a verdict. *Young v. Railroad*, 79 Mo. 336. Even where there is an ordinance limiting the rate of speed, and the same is pleaded, it must be shown that the rate of speed *occasioned* the injury, which cannot be pretended in this case. *Bowman v. Railroad*, 85

Mo. 533, 538, and cases cited. It was not negligence to fail to ring the bell, or sound the whistle, at the place of the accident. *Potter v. Railroad,* 18 Mo. App. 694. But if the accident had occurred at a railroad crossing, *there was no proof that* the bell was not rung. *Vannote v. Railroad,* 70 Mo. 641 ; *Cathcart v. Railroad,* 19 Mo. App. 113. The *evidence* is too indefinite to sustain the verdict. *Milburn v. Railroad,* 21 Mo. App. 426. And it is not *aided* by the evidence introduced by the defendant. *Wallace v. Railroad,* 74 Mo. 594 ; *Young v. Railroad,* 79 Mo. 336 ; *Fitzgerald v. Railroad,* 18 Mo. App. 391.

II. The court erred in rejecting the evidence offered by defendant that the stock law, approved March 27, 1883, had been adopted by Caldwell county at the time of the accident. If true, it was a complete defence to plaintiff's cause of action. *Bowman v. Railroad,* 85 Mo. 533.

III. The court erred in overruling defendant's motion for a new trial. Cases cited *supra.*

O. J. CHAPMAN, for the respondent.

I. The court committed *no error in overruling the defendant's demurrer to the evidence.* The plaintiff made out a good case of negligence, and offered an *abundance* of evidence from which the jury could infer negligence. No alarm was given until about the time the cow was struck, when she had gone on to the track, from fifty to one hundred and fifty yards ahead of the engine. No effort was made to slacken the speed of the train, and give the cow time to escape. No effort was made to stop the train. The supreme court has frequently determined that, where there is *any* evidence to establish plaintiff's case, the court cannot withdraw it from the jury. There was *undoubted proof* of defendant's negligence, and it was for the jury to say whether the injury was the result of such negligence. *Haliday v. Jones,* 59 Mo. 482 ; *State v. Turner,* 63 Mo. 436 ; *Alexander v. Railroad,* 63 Mo. 397.

II. Where there is any testimony to support a cause of action, it should be left to the determination of the jury. *Walsh v. Morse*, 80 Mo. 568. The engineer saw this cow coming on to the track when he whistled for the station, according to his own testimony. He then made no effort to alarm her, or stop his train, or even slacken its speed. It was his duty to do all in his power to avoid the accident, from the time he saw the cow on or near the track, or coming on the track. *Kendig v. Railroad*, 79 Mo. 207. The engineer ought to have reversed his engine when he first saw the cow. He does not show, or swear, that he did all in his power to prevent the accident.

III. This is a *common law action* for negligence, and the plaintiff has the right to prove any negligence of the company that *contributed* to produce the injury, and it is the *province of the jury* to pass on the case, and say whether the negligence was the *cause of the injury*. *Braxton v. Railroad*, 77 Mo. 455 ; *Mapes v. Railroad*, 76 Mo. 367 ; *Robertson v. Railroad*, 84 Mo. 119.

IV. The court will not interfere where the costs of a re-trial will amount to as much or more than the amount in controversy, unless it clearly appear that the jury have been misled to the prejudice of the appellant. This is what might be called "vexatious litigation" proper. *Porter v. Harrison*, 52 Mo. 524.

V. This case was here before this court on the very same evidence as now, except as to stock law, and all other questions, having been then passed on, are *res-judicata*. *Adair County v. Owerly*, 75 Mo. 282.

VI. The court below committed no error in rejecting the evidence offered by appellant as to the *adoption of the stock law*, in Caldwell county, at the time of the accident. There was no evidence to base any such evidence upon. Besides, *there was no stock law in force at the time* plaintiff's cow was killed. The accident occurred November 1, 1883. The question, as to the adoption of

the stock law in Caldwell county, was submitted to the voters on the thirtieth day of October, 1883, being the day prior to the accident. *By the terms of the law*, providing for the adoption of the stock law, before it was properly in force after the vote on the question, the county clerk had to give notice of the result in a weekly newspaper published in the county, and by posting notices in each township in the county, etc. Sess. Acts, 1883, 26.

VII. The evidence shows this cow was not tied or fastened, but could have escaped if alarmed in time. It shows that no alarm was given and no effort made to avoid the accident, until the engine was right on the cow. There was no whistle given for "down brakes," nor engine reversed, nor any effort made to do so, or slacken the speed of the train. This was negligence, and, of course, caused the injury. If the cow had been alarmed in time she would have escaped. She would, no doubt, have escaped injury if the speed of the train had been slackened. *Goodwin v. Railroad*, 75 Mo. 73.

VIII. The court will not reverse, even if error is committed, where it is manifest that appellant has not been injured, and the verdict is absolutely correct and for the right party. *Morris v. Railroad*, 79 Mo. 367 ; *Noble v. Blount*, 77 Mo. 235.

TURNEY, STRONG & MOSSMAN, *in reply*, for the appellant.

I. The evidence is *not* the same now, as when this case was here before. *Welch v. Railroad*, 20 Mo. App. 477. The evidence *admits of no inferences.* The evidence, *itself*, which covers the only issue in the case, must fix the liability of the defendant. The suit is *at common law*, for an injury in town and switch limits, and there must be proof, *not only of the injury, but of negligence causing* the injury ; and this negligence can not be *presumed* from the killing, but must be *proved* like any other fact. *Judd v. Railroad*, 23 Mo. App.

56; *Gourley v. Railroad*, 25 Mo. App. 144; *Railroad v. Kenney*, 41 Mo. 271. The negligence in this case, *if there was any*, was in failing to do what could be done to save the cow, after she started to go on the track. *Kendig v. Railroad*, 79 Mo. 207; *Welch v. Railroad*, 20 Mo. App. 477. We submit that such negligence *is not established*, even by taking such part of each witness' testimony as is most favorable to the plaintiff, and discarding all the rest. *Wallace v. Railroad*, 74 Mo. 594; *Young v. Railroad*, 79 Mo. 336; *Lord v. Railroad*, 82 Mo. 139; *Milburn v. Railroad*, 21 Mo. App. 426; *Sloop v. Railroad*, 22 Mo. App. 593; *Flannery v. Railroad*, 23 Mo. App. 120; *Judd v. Railroad*, 23 Mo. App. 56.

II. No notice was required to give effect to the *stock law;* it took effect from its passage (Laws of Mo. 1883, sect. 1, p. 27, and sect. 11, p. 28). By section 7 of this act, it was provided that its provisions were suspended until a majority of the voters, voting at an election held for the purpose, should decide to enforce the same in their county. In the *previous* enactments on this subject, *notice* of the adoption of the law was required, *but not by this one.* The law, by its terms, was suspended in Caldwell county until the close of the polls on the thirtieth of October. On the thirty-first it was unlawful for cattle to run at large in that county, and on the first of November the animal sued for was killed. "A statute is to operate from the very day it passes, if the law itself does not establish the time. * * * The rule is deemed to be fixed beyond the power of judicial control, and no time is allowed for the publication of the law before it operates, when the statute itself gives no time." 1 Kent's Commentaries [7 Ed.] p. 505, and cases cited; Rev. Stat., 1879, sect. 3149; Sess. Acts 1883, p. 28, sect. 11.

PHILIPS, P. J.—This is an action for damages for the killing of plaintiff's cow, by defendant's locomo-

tive.    The action is at common law for single dam-
ages.    The imputed negligence is the carelessness of
defendant's servants in running and managing the train
of cars.    The accident occurred within the town of
Breckenridge, Caldwell county.

Plaintiff recovered judgment heretofore in the cir-
cuit court, and on appeal, taken by the defendant, to
this court, the judgment was reversed, on account of an
error in the instruction given on behalf of plaintiff.
(20 Mo. App. 477).    On the re-trial the instruction given
for plaintiff is in accord with the ruling of this court,
and is unobjectionable.    Plaintiff again recovered judg-
ment, and defendant has appealed.

I.    The first contention of defendant is, that there
was not sufficient evidence to entitle plaintiff to the
opinion of the jury.    We have carefully examined the
evidence, as presented by the appellant ; and whatever
may be the opinion of this court as to the weight of the
evidence, we are satisfied there was ample evidence to
warrant the trial court in submitting the question of
negligence to the jury.    They are the sole judges of the
weight of evidence and the credibility of the witnesses.
We discover nothing in their verdict or conduct to justify
this court in disturbing their conclusion.

II.    On the trial of the cause, the plaintiff, against
the objection of the defendant, was permitted to read in
evidence an ordinance of the city of Breckinridge, pro-
hibiting the running of railroad trains therein over a
certain rate of speed.    The ground of objection is, that
the ordinance was not pleaded by the plaintiff.    In *Rob-
ertson v. Railroad* (84 Mo. 119), it was held that the
cause of action, being at common law for the negligent
killing of plaintiff's stock, it is not founded on such or-
dinance, and, therefore, it was not necessary to plead it ;
but if defendant was running its train in violation of it,
it was competent to introduce the ordinance in evidence,
in support of the charge of general negligence.    To the
same effect are the cases of *Mapes v. Railroad* (76 Mo.

367), and *Braxton v. Railroad* (77 Mo. 455). Under these rulings, the evidence was properly admitted, as bearing on the issue of negligence.

III. The defendant offered in evidence the records of the county court, for the purpose of showing that, at the time of this injury, the law was in force in that county, prohibiting stock from running at large. This evidence was rejected by the court, and this is assigned for error.

The undisputed evidence was, that the cow was injured on the first day of November, 1883. By the session acts of 1883 (Laws, 1883, p. 26), adopted March 27, 1883, provision was made for restraining animals from running at large. Although it appears, from a foot note, that this act was passed without the emergency clause, it went into force within ninety days after the legislative term, by operation of general law. The act was, therefore, in force at the time of the accident in question.

By section 7, of this act, the provisions of this law were suspended in the several counties of the state until a majority of the legal voters of any county should decide, at a general or special election, to enforce the same in such county.

The record offered in evidence by defendant shows that the election, held for this purpose, in Caldwell county, was on the thirtieth day of October, 1883, just two days prior to the injury complained of. The contention of defendant is, that this law became operative in this county from the moment the polls closed, on the day of election, and the requisite majority had voted therefor. In support of this proposition, we are referred to the text in 1 Kent's Com. [13 Ed.] 458, which announces the settled rule of the common law, that a statute, when duly made, takes effect from its date, *when no time is fixed by its terms* otherwise. After adverting to the inconsistency of such a rule with the dictates of common justice, this author further observes: "It would be no more than reasonable and just that the

statute should not be deemed to operate upon the person and property of individuals, or impose pains and penalties for acts done in contravention of it, until the law was duly promulgated. The rule, however, is deemed to be fixed beyond the power of judicial control, and no time is allowed for the publication of the law before it operates, *when the statute itself gives no time.*"

The only practical question, therefore, to be determined is, whether or not this statute has not made the exception. In recognition of the iniquity of a rule that would subject the citizen to pains, penalties and forfeitures, and other burdensome obligations, under a newly imposed law, before he had a reasonable opportunity, in common with others, by some means, supposed by the law-makers adequate for the impartation of the information, to know of its existence, our laws say that no act of the legislature shall go into operation until after the lapse of ninety days after the legislative term; unless, in the opinion of the legislature, the public necessities are such as to warrant its passage with an emergency clause.

Designing, as we doubt not, to carry into the act under consideration, the principle of this rule of justice, while attempting to pass this act with an emergency clause, the legislature put in the following section : "If a majority of the legal voters, etc., shall vote, at such election, for enforcing the law restraining animals, etc., the clerk of the county shall enter upon the court records, the result of such election, and file the papers and returns thereof in his office, and shall immediately give notice of the result of said election, by publishing the same in a weekly newspaper, published in said county, if there be one, and by causing notice thereof to be posted up in at least three public places in each township in the county"; but in case of the defeat of the measure at such election, no such publication is required.

In the first place, we will observe that, as such a law

could only become operative by their being cast in its favor a majority of the votes, some legally constituted body must first ascertain this fact. That fact must be promulgated. How promulgated? We answer, by the clerk putting it to record, and at once making publication, and giving notice thereof, in the manner designated by section 10. What was the purpose of the legislature in thus particularly providing for the publication and notification of the result, if it were not the proclamation to the people of the existence, the adoption, of the law, for the first time, in that county? Why notify this fact to the people, if it were not that they might then have the opportunity to put "their fences in order," to meet the changed condition of affairs? It was impossible that this plaintiff could have known, on the first day of November, that this had become the law of Caldwell county. The result was not announced, nor published.

The evident object of such publication and notice was to give force to the law, and bring the people thereafter under subjection to it. This is the spirit of our laws. *Town of Pacific v. Seifert*, 79 Mo. 212. And this was the mind of the legislature in enacting section 10, and is as much within the letter of the act as if so declared in so many words. *In re Bomino*, 83 Mo. 441. The record offered in evidence by defendant shows that the action taken by the county clerk, pursuant to said section 10, was not until the fifth day of November, 1883. We must, therefore, hold that the circuit court did not err in rejecting this proof.

Perceiving no error in this record, the judgment of the circuit court is affirmed. All concur.