J. P. MICHEL, Plaintiff in Error, v. LULIE TAYLOR, Defendant in Error.

Springfield Court of Appeals, May 2, 1910.

1. APPELLATE PRACTICE: Writ of Error: Notice to Adverse Party. The statutes and rules of the appellate courts require that notice in writing be served on the adverse party or his attorney of the suing out of a writ of error.

2. ———: ———: Objections to Writ Not Waived by Filing Brief. The filing of a brief on the merits, with a motion objecting to the writ of error, is not a waiver of the right to have considered the objections to the writ.

3. TAXBILLS: Municipal Corporations: Construction of Sidewalk: Sufficiency of Notice Advertising for Bids. The advertisement calling for bids for the construction of a sidewalk, in a city of the third class, was published in a daily newspaper for seven consecutive days. The bids were opened and the contract awarded on the night of the seventh day. *Held,* that the advertisement was not sufficient, for the reason that the first day of the publication should not be counted, and seven full days had not elapsed from the time the notice was first published until the contract was let, as required by the statute (Laws of 1901, p. 65), and that the taxbill issued in payment for the construction of said sidewalk was void.

4. ———: ———: Public Improvements: Law Mandatory as to Notice for Bids. Ordinances and statutes requiring notice of letting contracts for public improvements are mandatory and not directory.

5. NOTICE: Definition of "Week." The word "week," in its most accurate sense, means seven consecutive days beginning with Sunday, but it is also appropriately used to mean seven consecutive days beginning with any day.

Writ of Error to Jasper Circuit Court.—*Hon. Haywood Scott*, Judge.

AFFIRMED.

*Small & Hagar* for plaintiff in error.

(1)   Complying with the statute by the making and filing of the estimate by the city engineer gave the council jurisdiction.   Independence v. Biggs, 58 Mo. App. 246; De Soto v. Showman, 100 Mo. App. 323, 73 S. W. 257; Boonville ex rel. v. Stephens. 95 S. W. 316. (2)   In general, the requirements of the ordinance as to notice for bids are directory in their character.   Risley v. St. Louis, 34 Mo. 416; Fayette ex rel. v. Rich, 122 Mo. App. 145, 99 S. W. 10; St. Joseph v. Anthony, 30 Mo. 342; Warren v. Paving Co., 115 Mo. 580, 22 S. W. 491.   (3)   The courts of this State have never required literal compliance even with the statutory requirements in proceedings of this nature.   Trenton v. Collier, 68 Mo. App. 494; Springfield to use v. Knott, 49 Mo. App. 618; Gibson v. Owen, 110 Mo. 445, 19 S. W. 713; Grubaugh v. Henson, 65 Mo. App. 404; Sheehman v. Owen, 82 Mo. 458; Jaicks v. Merrill, 98 S. W. 758.   (4)   The notice given in this case of seven successive publications in a daily paper was sufficient for the purposes contemplated in requiring such notice. Galbreath v. Newton, 45 Mo. App. 322; Russell v. Croy, 160 Mo. 69, 63 S. W. 849; Barber Asphalt Co. v. Munchenberger, 105 Mo. App. 47, 78 S. W. 280; Derby & Co. v. Modesto, 38 Pac. 901, 104 Cal. 515; Ballinger v. Tarbell, 16 Ia. 491; McMillan v. Fond du Lac County, 114 N. W. (Wis.) 1119.   (5)   Where there is jurisdiction the property-owners are estopped from questioning the validity of the proceedings by permitting the work to be done without opposing any objections.   Elliott, Roads and Streets (2 Ed.), 594, 554, 515; Johnson v. Duer, 115 Mo. 366, 21 S. W. 800; Galbreath v. Newton, 30 Mo. App. 397; Appeal from city of Pittsburg, 118 Pa. St. 458; Darst v. Griffin, 32 Neb. 668, 48 N. W. 820; Stewart v. Board, 45 Kan. 708, 23 Am. St. Rep. 749.

*Spencer, Grayston & Spencer* for defendant in error.

(1) Where a party suing out a writ of error fails to give the adverse party notice thereof, as required by statute, the writ will be dismissed unless good cause for such failure be shown. R. S. 1899, sec. 852; Davenport v. City, 110 Mo. 574; Schnelle v. Devanny, 61 Mo. App. 453; Williams v. Beck, 63 Mo. App. 150; Burdett v. Dale, 95 Mo. App. 515; Allen v. Allen, 64 Mo. App. 417; Kenner v. Lead Co., 141 Mo. 248; Guy v. Mayes, 141 Mo. 441; Tierman v. Richards, 7 Mo. App. 597; Biles v. Beadle, 93 Mo. App. 628; Kelmel v. Nine, 121 Mo. App. 718; Igo v. Bradford, 110 Mo. App. 670. (2) The provisions of the ordinance requiring, by reference to the statute, not less than one week's advertisement for bids, are mandatory, and the giving of this notice is a condition precedent to the issue of valid taxbills. The publication from January 1st to January 7th, both inclusive, of notice of the opening of bids on January 7th, was not a compliance with the ordinance. Roth v. Hax, 68 Mo. App. 288; Clapton v. Taylor, 49 Mo. App. 117; Kiley v. Oppenheimer, 55 Mo. 374; Siemers v. Schrader, 14 Mo. App. 346; Bank v. Stumpf, 73 Mo. 311; Young v. Downey, 150 Mo. 317; Keane v. Klausman, 21 Mo. App. 485; Keane v. Cushing, 15 Mo. App. 96.

GRAY, J.—This action was instituted in the circuit court of Jasper county, on the 8th day of September, 1908, by plaintiff, to recover on a special taxbill issued by the city of Joplin, a city of the third class, for the construction of a sidewalk. On trial in the circuit court, the defendant was successful and plaintiff appealed.

From the printed abstract of the record and brief filed by appellant, the cause is here on the appeal taken by plaintiff from the judgment of the Jasper County

Circuit Court. There is nothing in the abstract, statement or brief to indicate that the cause is in this court except by virtue of that appeal. From the brief of the respondent, we are informed that the cause is in this court on a writ of error; that the appeal was dismissed by the appellant. The appeal was first granted to the Kansas City Court of Appeals, and the writ of error was obtained from that court. The case is in this court on a transfer from the Kansas City Court of Appeals.

There is nothing in the record filed by the appellant, or in this court, showing that any notice, required by section 852, Revised Statutes 1899, has ever been given to the defendant. Rule 7 of this court, provides: "All notices of writs of error, with the acceptance, waiver or return of service endorsed thereon, shall be filed with the clerk of this court, and by him attached to the transcript in the cause, and shall be the only evidence that such notice has been given."

The defendant has filed in this court a motion to have the cause dismissed, because of the failure to give this notice. This motion is printed and is accompanied with a brief on the merits. The filing of a brief on the merits with a motion objecting to the writ, is not a waiver of the right to insist upon the objections to the writ. Burdette v. Dale, 95 Mo. App. 515, 69 S. W. 480.

The record in the case is very brief, and in view of the result reached from an examination of the points in controversy, we will not sustain the motion to dismiss.

The taxbill sued on is in regular form and the introduction of it made a prima-facie case for the plaintiff. To impeach the validity of a taxbill, the defendant offered in evidence the proceedings of the council relating to the advertisement for bids for the work. There was introduced an ordinance of the city relating to the construction of sidewalks, which provides that

when the council shall deem it necessary to construct sidewalks, an estimate shall be prepared by the engineer; and upon presentation of such estimate, the council shall direct the said engineer to advertise for bids in the manner provided by statute for advertising for bids for work to be done upon the roadway of any street. This statutory provision is found in the Session Acts of 1901, at page 65, and requires "not less than one week's advertisement for bids thereon."

The advertisement in controversy was published on January 1, 1908, and each and every day thereafter, including January 7, 1908, but the last insertion was on the day the bids were opened and the contract awarded. The first day of January, 1908, was Wednesday, and the advertisement for the bids was published in the paper of that morning, and six succeeding mornings, and the contract was awarded on the following Tuesday evening, about 8 p. m. In other words, from the time the notice was first published until the contract was let, seven full days had not elapsed.

In Russel v. Croy, 164 Mo. l. c. 92, 63 S. W. 849, the court says: "The word 'week' in its most accurate sense, means seven consecutive days, beginning with Sunday, but it is also appropriately used to mean seven consecutive days, beginning with any day."

In that case the court holds that a week does not expire until seven full days have elapsed. This is the general interpretation given to the word. [Midland v. Linton, 82 N. W. 886; Leach v. Burr, 188 U. S. 510; 47 L. Ed. 567.]

In Roth v. Hax, 68 Mo. App. 283, it is held that in advertisements for bids for public improvements, the publication on the date of the contract, should not be counted, and the court says: "The evident meaning of the ordinance was that the five days' advertising should have passed before the day when the contract should be let."

It is insisted by plaintiff that ordinances requiring notice of letting the contract for public improvements are directory and not mandatory. We are not of this opinion. [Clapton v. Taylor, 49 Mo. App. 117; Keane v. Cushing, 15 Mo. App. 96; Galbraith v. Newton, 30 Mo. App. 380.]

The trial court held the taxbill void, because the notice of the letting was not published for one week, as required by the ordinance, and in so holding, we believe no error was committed, and the judgment will be affirmed. All concur.