.J. J. WILLIAMS et al., Respondents, v. CHARLES ETTENSON et al., Appellants.

### Kansas City Court of Appeals, March 2, 1914.

1. **Tax Bills: Advertisement: Bids: One Week.** Where the law required an advertisement for bids for a sewer to be published "for not less than one week," and the publication was begun in a daily newspaper published at 5 o'clock p. m. on the 20th of December stating that bids would be received "until 9 o'clock .a. m. of the 27th of December;" it was *held* that one week had not expired between the time of the first publication and the time of opening the bids and that the tax bills issued for the work were void; and that the publication at 5 p. m. on the evening of the 27th, eight hours after the bidding was closed; did not validate the notice.

2. ———: ———: **One Week: Seven Days.** Where the law reads that a notice must be published for one week, it means a period of seven full days.

3. ———: ———: **Fractions of a Day.** Though the law ordinarily does not take note of fractions of a day, yet where the law prescribing a certain notice itself names the hour of the day, then heed must be given to the hour named.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED IN PART, REVERSED IN PART.

*Culver & Phillip* and *I. J. Ringolsky* for appellants.

*E. L. Riley* and *Craven & Moore* for respondents.

ELLISON, P. J.—Plaintiff's action is based on special tax bills for building district sewers in Excelsior Springs. The judgment in the trial court sustained the bills and defendants appeal.

The bills named Henry Ettenson as owner and he is not a party defendant. The question was therefore made extensively briefed and argued here, whether the bills, when introduced in evidence, made a prima-facie case under sections 9385 and 9408, Revised Statutes 1909, against these defendants who were not named therein as owners. After the case had been submitted for decision for several months, and an opinion partly prepared, defendants withdrew that point. We have therefore been compelled to abandon parts of our conclusions and to again consider the case with that point eliminated.

Several other objections were made to the validity of the bills, but with the exception of that as to notice of letting the contract, we think them more technical than real.

We do not think the objection as to the course of the sewer not being named in the contract and the omission to call for a distance was anything more than a formal error which did not mislead any one. The contract referred specifically to the ordinance which contained the description.

Nor do we think the objection that the material, and dimension of manholes is well taken. [City of St.

Joseph v. Owen, 110 Mo. 445; Joplin v. Hollingshead, 123 Mo. App. 602.]

So objection was made that the contracts fixed the time for completion of the work different from the ordinance. There is an argument based on this point and deductions made that we think are not justified by the facts. There was no difference in time. The contract refers to the ordinance fixing the time. The fact that the contract imposed a penalty for delay did not affect the matter. The contractor asked no delay and the question raised is not supported by facts sufficient to give it significance.

Nor do we regard the objection as to the kind of pipe (iron or vitrified earthern ware) as of vital importance. Defendant asserts that the ordinance calls for iron pipe and the contract for vitrified pipe. The contract calls for the material provided for in the ordinance.

We are thus brought to the question referred to above as to the notice of a public letting, or bids on the work. This concerns the bills for constructing sewer number fourteen. The ordinance requiring notice reads as follows:

"Section 5. A proper advertisement for bids for the construction of said sewer shall be inserted in the Daily Call, a newspaper published in the city of Excelsior Springs, Missouri, and published therein for not less than one week."

The notice as published reads as follows:

"Notice to Contractors."

"Excelsior Springs, December 20, 1907. Sealed proposals will be received by the board of aldermen of the city of Excelsior Springs, until 9 o'clock a. m. on the 27th day of December, 1907, at which time bids will be opened for furnishing all the material, etc."

The Daily Call was an evening newspaper published at 5 o'clock in the afternoon. The first publication of the notice was at 5 p. m. of December 20th and

each evening thereafter up to and including December 27th.

The notice was to be published for not less than one week *before* the time for making bids expired; and, according to the express terms of the notice, the time for bids expired at 9 o'clock a. m. of December 27th, for then they were to be opened.  Now a publication for one week means for seven days, State ex rel. v. Tucker, 32 Mo. App. 620; Young v. Downey, 150 Mo. 317, 324, 330; Russell v. Croy, 164 Mo. 69; Bean v. County Court, 33 Mo. App. 635; State ex rel. v. Dobbins, 116 Mo. App. 29, and seven days had not expired from 5 o'clock p. m. on December 20th to 9 o'clock a. m. December 27th.  It lacked eight hours of a week, which was, practically, a business day.  The first of the seven days required, expired at 5 p. m. December 21st and the last of the seven expired at that hour December 27th, and though the publication was had on the evening of the 27th, it was a useless publishing, for bids had been closed since 9 o'clock that morning.  The publication here was continuous from the first insertion and therefore, cases involving instances where the first publication was the requisite length of time before the act of which notice, was given, but which were not continuous in each paper between the two periods, are not applicable.  The fatal point against the validity of this notice is, that one week, or seven days, of time had not expired between the time of the first publication and the time of opening the bids; there were only six days and until 9 o'clock of the following day.

Our attention has been called to the rule that the law does not regard fractions of a day.  [Shaffer v. Detie, 191 Mo. 377, 387; St. Joseph v. Landis, 54 Mo. App. 315, 324; Kimm v. Osgood, 19 Mo. 60.]  That is true ordinarily.  But when the law stating the requirement to be performed, itself makes the hour of the day an essential part of its command, then regard must be had to that hour.  If the law commands a certain thing

to be done at a certain hour of the day that, of course, cannot be ignored as it would be if the whole of the day is taken. In the case last cited the Supreme Court said: "But in such computations the rule is, to exclude fractions of a day, except in those cases where justice requires an examination into the precise time of the day at which an act was performed. The fiction that a day is an indivisible point of time, will not be allowed to work a wrong." So in 38 Cyc. 315, 316, it is stated that "The rule that a day is an indivisible period of time is a mere legal fiction and subject to numerous exceptions." [Brady v. Gilman, 96 Minn. 234.]

In Peebles v. Charleston & W. C. Ry. Co., 7 Ga. App. 279, 66 S. E. Rep. 953, an administrator attempted to renew a suit of his intestate, by amending what purported to be the petition of such intestate. This petition was filed at 4:30 p. m. of the 12th of June, 1908, but the intestate had died that afternoon, three hours before, viz., at 1:30. It was insisted that the law did not know a fraction of a day and therefore the suit should be considered to have been instituted from the first moment of the day on which the petition was filed, and thus, though in point of fact, the intestate had been dead three hours when the petition was filed it was claimed that, in point of law, it was filed from the previous midnight ahead of the time he died. But the court said: "It is true as a general rule that a day in legal consideration is *punctum temporis,* and the law knows no fraction of time, but considers a day as a continuous period of twenty-four hours, commencing at midnight, as the unit of measure. But this legal fiction that a day is an indivisible point of time is not always adhered to and is never adhered to if to do so would work injustice. And where the precise hour when an act is done becomes material in ascertaining and determining the relative rights of, persons, this legal fiction would not prevail as against the truth.

When rights attach from the doing of acts or the failure to do acts, the event must be regarded, and the time of the event is the controlling fact.''

If we must not recognize the fraction of a day and must say that the publication at 5 o'clock p. m. of the 27th was, in point of law, a publication beginning at midnight on that day, then we must say that the time for opening of bids for the work was midnight instead of 9 o'clock next morning as advertised. The difficulty with plaintiff's argument is he fails to recognize that the law itself in this case, does away with the legal fiction and substitutes a certain hour of a day for the whole day. The law did not say the notice must be published ''for not less than one week'' before the 27th of December; it said, ''for not less than one week'' before 9 o'clock a. m. of that day.

We have a case in point from the Springfield Court of Appeals (Michel v. Taylor, 143 Mo. App. 683) wherein the validity of a tax bill was involved. The advertisement for bids (as here) was required to be for one week before bidding was closed. The first publication was January 1, 1908 and the last was January 7th, but bidding was closed and the contract let on the evening of January 6th, and this was less than one week from the first publication. For the first of the seven days publication did not elapse until the 2nd of January, and the seventh of the seven days did not elapse until the 8th. We do not see that Stutz v. Cameron, 162 S. W. 221, has any bearing on the question.

Our conclusion therefore is that the tax bills for district sewer number fourteen are void and as to them the judgment should be reversed. As to those for district number thirty-eight, we think the objections to their validity are not well taken and the judgment as to them should be affirmed. *Johnson, J.,* concurs. *Trimble, J.,* not sitting.