HENRY P. P. BROWN, Appellant, v. WILLIAM A. HOWARD.

Division Two, March 30, 1915.

ORDER OF PUBLICATION: Published Five Times a Week for Four Weeks: Sec. 3500, R. S. 1879. Under Sec. 3500, R. S. 1879, which, with no distinction between weekly newspapers and others, provided that orders of publication against non-resident defendants should be published four weeks successively, the last insertion to be at least four weeks before the commencement of the term to which they were to appear, publication five times a week for four weeks, beginning on June 29, and ending on July 26, was sufficient for an order requiring appearance at the term beginning September 1.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick, Judge.*

AFFIRMED.

*C. W. Meyer* for appellant.

The attempted service by publication in the foreclosure proceedings of the St. Joseph Fire and Marine Insurance Company was a nullity as to this appellant, and gave the circuit court no jurisdiction over this appellant or over Josephine Clemmons and George W. Brown, because: (a) "The weight of authority supports the proposition that the publication in whole or in part of a summons or other legal notice in a newspaper published on Sunday is invalid." 37 Cyc. 587; McLaughlin v. Wheeler, 50 N. W. 834; Schwed v. Hartnitz, 47 Pac. 295; Sawyer v. Cargile, 72 Ga. 290; Dunmars v. Denver, 65 Pac. 585; Scammon v. Chicago, 40 Ill. 196; Ormsby v. Louisville, 79 Ky. 197; Sewall v. St. Paul, 20 Minn. 459; Shaw v. Williams, 87 Ind. 158. (b) The statutes of this State in force at that time prohibited work and labor, and also the serving of any legal process on Sunday. R. S. 1879, secs. 1578, 4039. (c) Under the fourth subdivision of Sec. 3126, R. S. 1879, the first day of the publication must be excluded. (d) The whole number of insertions, as shown by the proof of publication, was only twenty-four, including four Sunday insertion, and the first insertion was on Sunday.

*William E. Stringfellow* for respondent.

The publication complained of was sufficient. Howard v. Brown, 197 Mo. 36; Asphalt Pav. Co. v. Muchenberger, 105 Mo. App. 47; State v. Green, 66 Mo. 631; Bank v. Stumpf, 73 Mo. 311. Appellants complain that the publication was bad, because it began on Sunday and contained four Sunday insertions. R. S. 1879, sec. 3500.

ROY, C.—This is a proceeding to quiet title to the undivided seventh of the east twenty feet of lot one and the east twenty feet of the south sixteen feet

of lot two in block thirty, in the city of St. Joseph. There was a finding and judgment for the defendant.

Plaintiff claims as the heir of George W. Brown who died in 1875.

On April 8, 1873, George W. Brown and wife executed a deed of trust on the land to secure a debt of $3000. By mistake it was so drawn as to convey only the undivided half of the land. On May 17, 1884, the holder of the debt secured by that deed of trust sued the heirs of Brown to correct the mistake in that deed of trust and to foreclose it. The petition averred that Henry P. Brown, defendant therein and plaintiff herein, was a non-resident of this State. An order of publication was made against him. It was returnable on the first day of the next term to be begun September 1, 1884. It was published in the St. Joseph Daily and Weekly Gazette in the consecutive issues of the paper from Sunday, June 29, to Saturday, July 26, 1884, inclusive, except that said paper was not issued on Monday of each week. At the foreclosure sale in that case Parmelia J. Brown became the purchaser on March 11, 1885, and the defendant herein has acquired her title.

The only objection made to the legality of the foreclosure of the deed of trust is that the order of publication was not legally published for four weeks. In Haywood v. Russell, 44 Mo. 252, it was held that publication for four consecutive weeks in a weekly newspaper, the last insertion being four weeks before the return term, was sufficient. It was expressly held that it was not necessary that the first insertion should be eight weeks before the term. In Cruzen v. Stephens, 123 Mo. l. c. 346, it was held that the decision on that point in Haywood v. Russell, had become a rule of property in the State and should stand. The Cruzen case involved the sufficiency of a sale under a judgment for taxes in which under the statute the publication is to be made

as in other civil cases; so that there was no difference in the law applicable to those two cases. There followed Young v. Downey, 150 Mo. 317, involving the validity of the sale of real estate by an administrator to pay debts. The notice required in such case must, by the statute, be published four weeks before the beginning of the term at which the parties interested in the estate must, under the notice, appear. In that case it was held that the first consecutive insertion must be four weeks before the beginning of the term. Unfortunately the Young case held on page 324 that there was a wide difference between Haywood v. Russell and Cruzen v. Stephens. Neither of those latter cases involved the sufficiency of the notice of an application for sale to pay debts. Yet the opinion in Young v. Downey, proceeding on the theory that Cruzen v. Stephens involved the statute applicable to the notice of an application for sale to pay debts, repudiated in effect at least, the latter case. The difference in the two statutes has since been clearly recognized.

In the case of Howard v. Brown, 197 Mo. l. c. 46, it was held that proof of publication against a nonresident was good when published on March 15, 22, 29 and April 5, returnable to a term beginning on May 7. No citation of authority is there made, but Haywood v. Russell and Cruzen v. Stephens, supra, could have been cited, for they decided exactly the same point, i. e., that the first consecutive insertion need not be eight weeks before the return day.

Section 3500, Revised Statutes 1879, which controls in this case, did not distinguish between weekly newspapers and others. The newspaper which published the order of publication in this case issued no Monday edition. The order was published in every issue of the paper for four full weeks beginning on Sunday and ending on Saturday, the last insertion being more than five weeks before the return day. Contention is made that the publication made in the

Sunday issue is void. We concede that proposition without deciding it. We omit Sunday because it was Sunday, and Monday because there was no issue of the paper on that day. It was legally published in the issue of every other day in the week for four weeks. The statute as it then was, made no difference between a weekly paper and one published oftener. Surely, if publication in a weekly paper for four consecutive weeks is sufficient, publication five times a week for four consecutive weeks in a paper published five times a week is sufficient. What is here said is on the theory that in every case the last insertion is four weeks before the return day.

We hold that the publication was sufficient, and the judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.