State of Missouri ex rel. Clark Brines et al., Relators, v. Leonard Franklin et al., Judges of the County Court of Camden County, Respondents.*

In the Springfield Court of Appeals. Opinion filed April 22, 1926.

1.—Animals—Notices—Publication—Elections—Notice of Election Held to Comply with Statute. Under section 4283, Revised Statutes 1919, requiring notice of county stock-law election to be published for three weeks consecutively, the last insertion to be at least ten days before the day of such election, publication of notice on October 3, 10, and 17, for general election held on November 4, held to comply with statute.

2.—Time—Notices—Publication—Elections. Where statute provides for four weeks' notice, notice must be for twenty-eight days, but where statute requires last insertion to be certain time prior to particular date, statute is satisfied if notice is published for four consecutive weeks, not necessarily twenty-eight days, provided last insertion is made as required.

3.—Animals—Stock Law—Elections—Record to Show Compliance with Law. Under sections 4275-4294, Revised Statutes of 1919, return showing proper petition for county stock-law election, publication of notice, majority in favor of enforcing law, and due notice of publication of result, held to show strict compliance with section 4283, in relation to adoption of law restraining animals from running at large.

4.—Certiorari—Appellate Practice—Only Record Sent Up Can Be Considered. In certiorari proceedings, Court of Appeals can only consider the record sent up, and if it discloses that proceedings in relation to stock-law election alleged to be irregularly extended under section 4283, Revised Statutes 1919, complied with statute, order quashing the writ must be sustained.

5.—Certiorari. Errors or mistakes in law or fact cannot be questioned or corrected in certiorari proceedings.

6.—Animals—Stock Law Election—Ballots—Certiorari. Ballots used in county stock-law election under section 4283, Revised Statutes 1919, are not part of the record in certiorari proceedings to review irregular extension of the law, in view of Constitution, article 8, section 3, to effect that ballot boxes may be opened and ballots inspected only in contested elections.

7.—Same—Same—Certiorari. Petition for certiorari to review irregular extension of section 4283, Revised Statutes 1919, restraining stock from running at large, does not take the place of an election contest, although the law fails to provide for a contest as to such elections.

8.—Same—Same—Same—Ballots. Questions as to what ballot was used and from thereof as used in county stock-law election under section 4283, Revised Statutes 1919, and sealed as provided for by section 4284, are questions of fact, and evidence thereof is improper in certiorari proceedings to review irregular extension of law, since ballots are no part of the record by which appellate court must be guided.

*Corpus Juris-Cyc. References: Animals, 3CJ, p. 175, n. 97; p. 179, n. 70; Certiorari, 11CJ, p. 195, n. 73; p. 199, n. 26; p. 203, n. 65, 66; Time, 38Cyc, p. 314, n. 43.

Appeal from the Circuit Court of Camden County.—Hon. C. H. Skinker, Judge.

AFFIRMED.

*A. W. Curry* and *Phil M. Donnelly* for appellants.

Publishing the notice for three weeks consecutively, as required by section 4283, was not complied with by insertions on October 3, 10 and 17. Bean v. Barton Co., 33 Mo. App. 635; State v. Martin, 83 Mo. App. 55; Michel v. Taylor, 143 Mo. App. 683, 127 S. W. 949; Williams v. Ettenson, 178 Mo. App. 178, 170 S. W. 370. Where no method is provided by which the action of the Board of Commissioners can be reviewed, *certiorari* is the proper remedy. 3 C. J., 176, 179; State ex rel. v. Wilson, 129 Mo. App. 242, 108 S. W. 128; C. B. & Q. R. R. v. Castle, 135 N. W. 561. On such review the court is not limited to a formal examination of the record and can consider extrinsic evidence to show that the law was disregarded by the board in that ballots not described by the record were improperly counted. 20 C. J., 270, 271; Densmore v. Manchester, 81 Mo. App. 533. Where the form of the ballot is prescribed, the election under the stock must be had by the use of such ballots. Union County v. Ussery, 35 N. E. 618. The statute prescribes the form of the ballot by designating which of two sentences must be on the ballot, but not both, with the direction or directions to scratch the one you do not wish to vote. Where both are printed on, with the direction to scratch the one you do not wish to vote, the ballot is uncertain and confusing. R. S. 1919, sec. 4284. A return of the ballot would show a different proposition voted on from the order and finding of the result. Relators' motion for a rule on the clerk to produce the ballots was reasonable and timely and should have been sustained.

*Barney Reed, S. C. Roach* and *John S. Haymes* for respondents.

(1) The notice of the stock-law election was published in a weekly newspaper in its issues of October 3, 10, and 17, the election being on November 4th. That was a compliance with the Statute, section 4283. Under section 1203, Revised Statutes 1919, a notice published by insertions in a weekly newspaper four successive weeks, the last insertion being the required length of time before the return term, is sufficient. Haywood v. Russell, 44 Mo. 252; Howard v. Brown, 197 Mo. 36; Brown v. Howard, 264 Mo. 501. (2) Can it be said that ballots cast at an election are a part of the record contemplated in *cer-*

*tiorari?* Election judges and clerks receive the ballots, count the votes and make return thereof to the county clerk, who takes to his assistance two judges of the county court or two justices of the peace, and they examine the returns and cast up the votes. R. S. 1919, secs. 4875 to 4882. The canvasser's duty is purely ministerial, and is not subject to review by *certiorari*. (3) Elections to restrain animals from running at large are under our Statutes, sections 4283 and 4284, by "the qualified voters," governed by the laws applicable to other elections, and are within the meaning of our Constitution in reference to elections. State ex rel. v. Board of Directors, 112 Mo. 213. And in cases like the present, there was no authority under section 3, article 8, of the Constitution of 1875 to open or inspect ballots cast at an election of the people. Such being permissible only in contested elections. State ex rel. v. Francis, 88 Mo. 557; Ex parte Arnold, 128 Mo. 256; State ex rel. v. Board of Directors, 112 Mo. 213; State ex rel. v. Spencer, 164 Mo. 23; State ex rel. v. Taylor, 220 Mo. 618. Although not referred to by relators, by an amendment adopted February 26, 1924, a change was made in section 3, Article 8 of the Constitution of 1875. Laws of Mo. 1925, p. 410. As amended that section declares, as the old Constitution, that, "All elections by the people shall be by ballot." It also has this proviso, the provision, except that relating to contested elections, being new matter: "That in cases of contested elections, grand-jury investigations and in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue, such (election) officers may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence." Even if it can be said, that the present is a "case in which the violation of any law relating to elections is at issue," does it not, in view of the whole section, require legislation to put it in force? In construing it, effect must be given to every word and part of a Constitution, if it can be done. Lamar Water and Light Co. v. City of Lamar, 128 Mo. 188; Riesterer v. Land & Lumber Co., 160 Mo. 150. And when words or terms used in a Constitution have acquired a well-defined meaning, they are presumed to have been used in their technical sense. Chouteau v. Leffingwell, 54 Mo. 471; Ex Parte Slater, 72 Mo. 106; State v. Kyle, 166 Mo. 303. At the time the above section of the Constitution was framed and adopted, the term "elections by ballot" had a well-recognized significance, and meant a secret ballot. In re-petition of Oppenstein, 289 Mo. 421. By declaring in the same section that "elections shall be by ballot," and that the ballots "may" be used as evidence as there designated, both the secrecy and integrity of elections are safeguarded. Certainly that would not be done by permitting ballots to be opened and used, unprotected by

legislation, in a replevin suit under the stock law, and other cases where an issue as to their effect might arise. In addition to the preservation of the secrecy of the ballot, the employment of the term "may" be used, may further show that legislative aid is necessary. Hall v. Railroad, 80 Mo. App. 470; State ex rel. v. City of St. Louis, 158 Mo. 505; Cooley's Constitutional Limitations (7 Ed.), 259; Ex parte Smith, 135 Mo. 228; Williams v. Railroad, 223 Mo. 680. Hence, even if this is a case where the violation of the election laws is at issue and the ballots are parts of the election record to be brought up, there being no statute safeguarding the secrecy of the ballots, the amended Constitution could not, of itself, warrant their use as evidence. (4) But if the word "swine" was omitted from the ballots, as contended, the record ought not to be quashed: 1. The petition and order for, and the notice of, the election, included swine, showing that they were to be included in the vote, and since the word cattle, which was in the ballots, is a generic term, and includes swine (11 C. J. 33; Henderson v. Railroad, 81 Mo. 605; State v. Long, 80 Mo. 241; State v. Prewitt, 61 Mo. App. 156; R. S. 1919, sec. 4286), the election was not void. Especially is this true under our liberal rule of construing ballots. Gumm v. Hubbard, 97 Mo. 319. 2. At most no species of animals could be affected except swine. 3. It being quite apparent that the error, if any, was the result of a mistake, the rule announced in Bradley v. Cox, 271 Mo. 438, may well apply.

BAILEY, J.—Relators filed their petition for a writ of *certiorari* in the circuit court of Camden county against respondents, judges of the county court, in relation to proceedings for the adoption of the law restraining stock from running at large.

The abstract of the record does not set out the petition. Appellants' statement, however, indicates the petition contained sufficient allegations for the issuance of the writ, which was issued on the 23rd day of March, 1925. This writ recites, that from relators petition it appears respondents have proceeded irregularly in a certain matter of record pending in their court in relation to the extending of the provisions of section 4283, Revised Statutes 1919, over the county of Camden, to restrain horses, mules, asses, cattle, sheep, goats and swine from running at large; that from the record it appears that "without a proper petition, notice, ballots, canvass and count your record purports to show that the provisions of said section have been extended over the entire county of Camden." Then follows an order on relators to send before the court on the 25th day of March, 1925, their complete record in relation to the submission of the question of restraining animals from running at large in Camden county, "together with a copy of the ballot used and furnished the election offi-

cials of Camden county in this behalf, together with all the ballots and returns, etc.''

Respondents' return to the writ contained a general denial and a certified copy of the record of the proceedings in relation to the adoption of the stock law. The return also contains an averment that ''Relators further say that the ballots used in said election are under the seal and in the possession of the county clerk, as required by law, and for that reason are not herewith produced. That said ballots are no part of the record of proceedings in said election, except as appears in the record as it now exists.''

Judgment was for respondents; relators, after filing unsuccessful motions for new trial and in arrest of judgment, have appealed to this court.

· It is first assigned as error that the notice of election was insufficient. Section 4283, Revised Statutes 1919, in relation to submitting the question of restraining animals, provides among other things that the county court ''shall cause notice to be given that such vote will be taken, by publishing notice of the same in a newspaper published in such county, *for three weeks consecutively, the last insertion of which shall be at least ten days before the day of said election.*'' (Italics ours). The proof of publication introduced in evidence shows the notice of election was duly published for three weeks consecutively by insertions in a newspaper on October 3, 10 and 17, 1924. The election was held on the same date as the general election, November 4, 1924, and the order of the county court so provided. Relators assert that the publication of notice was insufficient. This subject has been so thoroughly settled in this State that there should no longer be any doubt or uncertainty as to what constitutes sufficient publication of notice. In the case of State ex rel. v. Tucker, 32 Mo. App. 620, it was held that where a statute in relation to local option elections provided that the notice of election should be published ''for four consecutive weeks, and the last insertion shall be within ten days next before such election'' that there must be four weeks' notice (twenty-eight days) of the election. To the same effect are Bean v. Barton Co., 33 Mo. App. 635; State v. Martin, 83 Mo. App. 55; Williams v. Ellenson, 178 Mo. App. 178, 170 S. W. 370; Michel v. Taylor, 143 Mo. App. 683. In the Tucker case, the distinction between the time of notice is to run and the *mode* of notice is clearly pointed out. Where the statute provides unqualifiedly for four weeks' notice, then the notice must be for twenty-eight days. But where the statute contains a clause that the last insertion shall be a certain length of time prior to a particular date, then the last clause limits the first and provides the ''mode.'' In other words such statute is satisfied if the notice is published for four consecutive weeks, not necessarily twenty-eight days, provided the last insertion be the required length of time

before the time set by the statute. In other words, the whole of the time of notice need not have expired, if the last insertion was ten days before the date set for the election in this case. Our law relative to service in civil suits by publication has long been so construed. [Sec. 1023, R. S. 1919; Haywood v. Russell, 44 Mo. 252; Cruzen v. Stephens, 123 Mo. 337, 27 S. W. 557; Brown v. Howard, 264 Mo. 501, 175 S. W. 54.] See, also, City of Brunswick ex rel. v. Beneke, 233 S. W. 169, in relation to street improvements; Ratliff v. Magee, 165 Mo. 461, relative to notice of final settlements of estates; also State v. Brown, 130 Mo. App. 214. In the case at bar the publication was for three consecutive weeks and the last insertion was more than ten days prior to the date of the election. This satisfied the statute. Moreover, there was actually thirty-one days elapsed between the date of the first insertion and the day of the election, excluding the first day. We hold this assignment against appellant.

Respondents' return shows a proper petition for a county stock-law election was filed; that due notice thereof was published (which notice we have held was sufficient); that a proper canvass of the returns was made, showing 1486 votes for and 1122 against enforcing the provision of the stock law; and that due notice of the result of the election was published. Under the provisions of article 5, Revised Statutes 1919, the foregoing record shows a strict compliance with the statute in relation to the adoption of the law restraining animals from running at large.

The petition and published notice included ''swine.'' Relators introduced in evidence during the trial of this proceeding in the Circuit Court, over respondents objection, a form of ballot which the county clerk testified had been furnished the election officials although not a copy of what he certified to the printer. This ballot did not include ''swine.'' There can be no question that the ballot offered in evidence was no part of the record of the county court of Camden county and the trial judge was of that opinion when he permitted it to be introduced. Relators filed a motion for the purpose of requiring the county clerk to produce the election returns in order that the ballots used therein might be compared with the notice of election and the clerk's notice of the result. This motion was overruled and the action of the court, *nisi*, in relation thereto, is assigned as error.

In *certiorari* proceedings we may only consider the record sent up and if that record discloses that the judicial proceedings of the county court of Camden county in relation to the stock-law election in controversy were in compliance without the statute the order of the trial court in quashing the writ must be sustained. [State ex rel. v. Dawson, 225 S. W. 97; State ex rel. v. Brasher, 200 Mo. App. 117.]

Errors or mistakes in law or fact cannot be questioned or corrected in such procedure. [State ex rel. v. Gilbert, 164 Mo. App. 139, 148 S. W. 125.]

It is also held that facts cannot be brought to the attention of the court outside the returns. [House v. Clinton County Court, 67 Mo. 522.]

Relators contention in this case is that the ballots used in the election are a part of the record of the county court and should have been included in respondents' return. To this we cannot agree. Under our Constitution, ballot boxes may be opened and ballots inspected only in contested elections. [State ex rel. v. Taylor, 220 Mo. 618, 119 S. W. 373; State ex rel. v. Spencer, 164 Mo. 23, 63 S. W. 1112.]

Relators cite no authority and we find none, that a proceeding of this character may take the place of an election contest although the law fails to provide for a contest as to such elections. On what hypothesis a contention may be based that the ballots used in an election are part of the court's record, we are unable to discover. If the ballots were so considered, then in such cases the county court would have a part of its record under seal which it would have no right to examine. It would be a record which it had never seen or made. The ballots are counted and sealed the same as ballots under our general election laws. [Sec. 4284, R. S. 1919.] The county court has nothing to do with the ballots. They, therefore, cannot be deemed a part of its record. In other words, the question of what ballot was used and what was the form thereof, as prepared by the county clerk, are questions of fact. Evidence thereof ·is improper in *certiorari* proceedings because no part of the record by which we must be guided. (Cases cited.)

We do not undertake to hold that if a defective ballot were used in voting on the adoption of the stock-law election that this fact could not be proven in a proper proceeding. The legality of the adoption of the stock law has been attacked in a number of suits arising thereunder. [Haywood v. Guilford, 69 Mo. App. 1; White v. Brim, 48 Mo. App. 111; Welch v. Ry. Co., 26 Mo. App. 358; Bever v. Smith, 207 S. W. 238.] But on the record before us the trial court properly quashed its writ of *certiorari* and its judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.